935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickey Lee WOODRUP, Defendant-Appellant.
 No. 91-5629.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 16, 1991.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-90-49)
 Jeffrey Lee Starkweather, Federal Public Defender's Office, Raleigh, N.C., for appellant.
 Margaret P. Currin, United States Attorney, Eric Evenson, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ricky Lee Woodrup entered a guilty plea to breaking and entering a building occupied by the federal government with intent to commit larceny in violation of N.C.Gen.Stat. Sec. 14-54(a), assimilated by 18 U.S.C. Secs. 7, 13. Pursuant to a plea agreement, the government dismissed two assault charges involving military police officers. After increasing Woodrup's offense level two levels under U.S.S.G. Sec. 2B2.2(b)(4) for possession of a dangerous weapon, the court sentenced appellant to forty-four months imprisonment. Because the record supports the district court's factual finding that Woodrup confronted the military police officers with a crowbar and a hammer in a threatening manner and because the court correctly applied the guidelines to those facts, we affirm.
 
 
 2
 In reviewing a guidelines sentence, this Court [s]hall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 3
 18 U.S.C. Sec. 3742(e). The amount of deference due a sentencing judge's application of the guidelines to the facts depends on the circumstances of the case. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). If the issue turns on a factual determination, an appellate court should apply the "clearly erroneous" standard. Id. If the issue turns primarily on the legal interpretation of a guideline term, such as which of several offense conduct guidelines most appropriately apply to the facts as found, the standard moves closer to de novo review. Id. The due deference standard is the standard courts have long employed when reviewing mixed questions of fact and law. Id. On mixed questions, courts have not defined any bright-line standard of review. Id. Rather, the standard of review applied varies with the "mix" of the mixed question. Id.
 
 
 4
 The sentencing guidelines define a "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. Sec. 1B1.1, comment. (n. 1(d)). The guidelines also state that "[w]here an object that appeared to be a dangerous weapon was brandished, displayed, or possessed," the sentencing court should "treat the object as a dangerous weapon." Id. The guideline applicable to Woodrup's offense states that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the offense level] by 2 levels." U.S.S.G. Sec. 2B2.2(b)(4).
 
 
 5
 In a sworn statement entered as evidence at Woodrup's sentencing, one of the arresting military police officers stated that when he and another officer entered the building in response to a burglary in progress call, they instructed the individual found inside to halt and told him that they were military police. The officer continued that the individual "then raised his hammer and crowbar in an offensive manner," and even though they told him many times "to drop the weapons and place his hand [sic] where we could see them, the man refused." The officer continued that as the other officer moved forward to apprehend the suspect, "we repeatedly told the subject to drop the weapons. He did not."
 
 
 6
 Woodrup did not dispute that he did not drop the hammer and crowbar but testified that he was raising his hands "in a surrendering form." He continued that he did not make any motions or "have any notion in [his] head to use what [he] had as a weapon."
 
 
 7
 The district court found that the police officers "were reasonable to believe under those circumstances that [Woodrup] was acting in a threatening manner." The court continued that Woodrup "confronted the police with drawn weapons" and thus the officers' conduct was "credible and reasonable." The court found that Woodrup's conduct "supported a belief on the part of the police officers that he might have been ready to do them harm." Those factual findings are not clearly erroneous.
 
 
 8
 The district court went on to hold that "both instruments were used and possessed as dangerous weapons at the time relative to the inquiry here." This conclusion is consistent with the broad interpretation of what constitutes a dangerous weapon under the guidelines by the other circuits. See United States v. Agron, 921 F.2d 25 (2d Cir.1990) (stun gun); United States v. Smith, 905 F.2d 1296 (9th Cir.1990) (inoperable pellet gun); United States v. Medved, 905 F.2d 935 (6th Cir.1990) (toy gun), cert. denied, 59 U.S.L.W. 3563 (U.S.1991); United States v. Gray, 895 F.2d 1225 (8th Cir.1990) (unloaded BB gun). The key inquiry is whether the object instills fear and creates a reasonable possibility of a violent response. Smith, 905 F.2d at 1300.
 
 
 9
 Since the record supports the district court's factual findings, and since the court did not err in applying the guidelines to those facts, we affirm Woodrup's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 10
 AFFIRMED.