## McLAUGHLIN *v.* UNITED STATES

No. 85–5189. Argued March 31, 1986—Decided April 29, 1986

STEVENS, J., delivered the opinion for a unanimous Court.

*Stephen J. Cribari,* by appointment of the Court, 474 U. S. 1003, argued the cause for petitioner. With him on the briefs was *Fred Warren Bennett.*

*Christopher J. Wright* argued the cause for the United States. With him on the brief were *Solicitor General Fried, Assistant Attorney General Trott, Deputy Solicitor General Frey,* and *Joel M. Gershowitz.*

JUSTICE STEVENS delivered the opinion of the Court.

The question presented is whether an unloaded handgun is a "dangerous weapon" within the meaning of the federal bank robbery statute.

At about 9:30 a.m. on July 26, 1984, petitioner and a companion, both wearing stocking masks and gloves, entered a bank in Baltimore. Petitioner thereupon displayed a dark handgun and ordered everyone in the bank to put his hands up and not to move. While petitioner remained in the lobby area holding the gun, his companion vaulted the counter and placed about $3,400 in a brown paper bag. The two robbers were apprehended by a police officer as they left the bank. Petitioner's gun was not loaded.

Petitioner pleaded guilty to charges of bank robbery and bank larceny and, on the basis of stipulated evidence, was found guilty of assault during a bank robbery "by the use of a dangerous weapon."[1] The latter conviction depends on the validity of the District Court's conclusion that petitioner's unloaded gun was a "dangerous weapon" within the meaning of 18 U. S. C. § 2113(d). The Court of Appeals agreed with the District Court, and so do we.[2]

Three reasons, each independently sufficient, support the conclusion that an unloaded gun is a "dangerous weapon." First, a gun is an article that is typically and characteristically dangerous; the use for which it is manufactured and sold is a dangerous one, and the law reasonably may presume that such an article is always dangerous even though it may not be armed at a particular time or place. In addition, the display

---

[1] The federal bank robbery statute, 18 U. S. C. § 2113, provides in pertinent part:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; . . .

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

[2] We granted certiorari, 474 U. S. 944 (1985), to resolve an apparent conflict. See, e. g., United States v. Wardy, 777 F. 2d 101, 105–106 (CA2 1985); United States v. Terry, 760 F. 2d 939, 942 (CA9 1985).

of a gun instills fear in the average citizen;[3] as a consequence, it creates an immediate danger that a violent response will ensue. Finally, a gun can cause harm when used as a bludgeon.

Accordingly, the judgment of the Court of Appeals is

*Affirmed.*

---

[3] The floor debate on the provision that became § 2113(d) indicates that Congress regarded incitement of fear as sufficient to characterize an apparently dangerous article (such as a wooden gun) as "dangerous" within the meaning of the statute. See 78 Cong. Rec. 8132 (1934) (colloquy among Reps. Sumners, Blanton, and Dockweiler).