UNITED STATES of America, Plaintiff–Appellee,

v.

John Giles MAHLER, III, Defendant–Appellant.

No. 88–5193.

United States Court of Appeals, Fourth Circuit.

Argued May 12, 1989.
Decided Dec. 8, 1989.

William Lee Davis, for defendant-appellant.

Shelly Alexann Longmuir (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER, Circuit Judge, HAYNSWORTH *, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

* Judge Haynsworth participated in the hearing of this case at oral argument but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

WIDENER, Circuit Judge:

Appellant, John Giles Mahler, III, was convicted and sentenced on his plea of guilty to robbing a bank in violation of 18 U.S.C. § 2113(a) and now appeals his sentence. Because the offense occurred after November 1, 1987, the district court applied the Sentencing Guidelines of the Sentencing Reform Act of 1984. See 18 U.S.C. §§ 3551 et seq. It departed, however, from the guidelines and imposed a more severe sentence, because, in committing the robbery, Mahler used a replica of a revolver.

We affirm.

On May 31, 1988, Mahler entered the Southern National Bank in Rowland, North Carolina. He displayed the replica of a handgun and ordered the bank employees to get down on the floor. He then moved from teller window to teller window directing tellers to place money in a plastic trash bag he carried with him. Mahler then got on top of the teller counter and began walking back and forth shouting orders at the tellers and waving the replica.

A North Carolina police officer gave chase in his car to Mahler as he left the bank and caught Mahler at a roadblock in South Carolina. At the time of his capture, Mahler was carrying $26,919.14 (the full amount of the money stolen) and a replica of a Colt .45 revolver.

Mahler entered a plea of guilty to robbing a bank in violation of 18 U.S.C. § 2113(a). During sentencing, the district court correctly referred to guideline § 2B3.1 which provides a base offense level of 18 for robbery. The court looked further to § 2B3.1(b)(2) to inquire with respect to Mahler's use of the handgun replica during the robbery. This section provides:

(A) If a firearm was discharged increase by 5 levels; (B) if a firearm or a dangerous weapon was otherwise used, increase by 4 levels; (C) if a firearm or other dangerous weapon was brandished, displayed or possessed, increase by 3 levels.

The district court then considered the question of whether the replica of a handgun should qualify as a firearm or dangerous weapon within the meaning of § 2B3.1(b)(2). The definitions of "firearm" and "dangerous weapon" are found in the Commentary, Application Notes, to § 1B1.1.[1] A firearm is "any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive." Note 1(e). A dangerous weapon is "an instrument capable of inflicting death or serious bodily injury." Note 1(d). The district court found that the replica used in the robbery by Mahler did not fall within these definitions. Nevertheless, because the use of the replica added aggravating circumstances to the robbery, the district court decided an upward departure was warranted.

The authorization to depart from the guidelines stems from 18 U.S.C. § 3553(b). Under this section, the court may impose a sentence greater than the range established by the applicable guideline if there is an aggravating circumstance not adequately considered by the Commission in formulating the guidelines. It provides in pertinent part:

The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

The district court found that, when formulating the guidelines, the Sentencing Commission did not contemplate the use of a replica of a gun during a robbery.

As a result, and for the stated reason that a victim does not know the difference between a replica and a real gun, the district court decided that "the factors the Sentencing Commission did not take into account should be used to increase the of-

---

1. The Commentary, Application Notes, to § 2B3.1 incorporate these definitions by refer-

ence.

fense behavior by the same amount as if the weapon were a firearm under the definition set forth in the guidelines." The court added three levels, the same number as that prescribed by § 2B3.1(b)(2)(C) for robbery committed while brandishing an unloaded gun.

A reading of the Sentencing Guidelines discloses no reference to a handgun replica. So, the district court correctly held that in prescribing sentencing levels, the Sentencing Commission did not contemplate the use of a handgun replica in a robbery. We are also of opinion that the district court did not err in treating the replica of a gun as an empty gun for the purpose of increasing the sentencing level.

The reasoning is not unique. The Ninth Circuit considered the similar question of whether the use of a toy gun qualified as use of a dangerous weapon or device in the context of 18 U.S.C. § 2113(d) in *United States v. Martinez–Jimenez*, 864 F.2d 664 (9th Cir.1989), *cert. denied*, — U.S. —, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989). Relying on *McLaughlin v. United States*, 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986), which held an unloaded gun to be a dangerous weapon within the context of 18 U.S.C. § 2113(d), the court answered the question in the affirmative. It reasoned:

> First, the robber subjects victims to greater apprehension. Second, the robber requires law enforcement agencies to formulate a more deliberate, and less efficient, response in light of the need to counter the apparent direct and immediate threat to human life. Third, the robber creates a likelihood that the reasonable response of police and guards will include the use of deadly force. The increased chance of an armed response creates a greater risk to the physical security of victims, bystanders, and even the perpetrators. Therefore, the greater harm that a robber creates by deciding to carry a toy gun is similar to the harm he creates by deciding to carry an unloaded gun.

*Martinez* at 666–67. We find this reasoning persuasive and approve its application to this sentencing. Indeed it parallels rather precisely the statements made by the district court at the sentencing hearing.

Finally, although a part of the facts surrounding this crime comes within those contemplated by the sentencing guidelines and a part does not, we will give the defendant the benefit of the doubt and assume without deciding that the sentence was imposed for an offense for which there is no sentencing guideline within the meaning of 18 U.S.C. § 3742(a)(4). If so, the sentence may be set aside if "plainly unreasonable." We are of opinion the action of the district court in this case was plainly reasonable, rather than "plainly unreasonable."

The judgment of the district court is accordingly

AFFIRMED.[2]

---

**2.** The defendant also argues that the sentence was imposed upon him in violation of the Fifth Amendment. The claim apparently is that the district court did not have sufficient facts upon which to base its action. An examination of the record, however, discloses that this claim is without merit and we so hold.