**UNITED STATES of America, Appellee,**

v.

**Lowell David GRAY, Appellant.**

**No. 89–2193.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided Feb. 12, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before JOHN R GIBSON, Circuit Judge, and FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

PER CURIAM.

Lowell David Gray pleaded guilty to unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). The sole issue on appeal is whether the district court[1] correctly found that an unloaded BB gun was a dangerous weapon warranting a three-point increase in the offense level under Sentencing Guideline § 2B3.1. We affirm.

The facts are not disputed. On December 9, 1988, Gray and an accomplice robbed a federally insured bank in St. Louis, Missouri. Both men were armed only with pellet guns. As he fled, Gray threw down his weapon, later found to be an unloaded Power-line 12,000 BB gun (Daisy Rogers AR U.S.A.). The criminal complaint charged Gray with armed bank robbery under 18 U.S.C. § 2113(a) and (d). The grand jury indicted Gray for unarmed bank robbery, to which Gray pleaded guilty.

At the sentencing hearing, Gray argued that an unloaded BB gun was not a dangerous weapon within the meaning of Guideline § 2B3.1(b)(2)(C) which authorizes an upward adjustment of the offense level by three points if a dangerous weapon was brandished. The district court rejected this argument, finding no distinction between loaded and unloaded weapons. Based on the PSI report, the district court found that the base offense level was 20 and that Gray was in criminal history category I. The court deducted two points for acceptance of responsibility and added the three points for use of a dangerous weapon. The final level of 21 yielded a sentencing range of 37–46 months; the court sentenced Gray to 38 months.

The application notes to Guideline § 2B3.1(b)(2)(C) refer to § 1B1.1 for the definition of "dangerous weapon." Guideline § 1B1.1 application note 1(e) specifically defines BB guns as dangerous weapons.

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

**1226**

Application note 1(d) stated that "[w]here an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon." This language is repeated in application note 2 of Guideline § 2B3.1 (b)(2)(C).

The Supreme Court has held that a gun is a "dangerous weapon" within the meaning of 18 U.S.C. § 2113(d), regardless of whether it is loaded. *McLaughlin v. United States*, 476 U.S. 16, 17–18, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986). The Second Circuit has applied *McLaughlin* to hold that an unloaded pellet gun was a dangerous weapon for purposes of Guideline § 2B3.1. *United States v. Laughy*, 886 F.2d 28, 30 (2d Cir.1989) (per curiam). *McLaughlin* is controlling and *Laughy* is persuasive as to its specific application to this case.

Gray argues that *McLaughlin* is distinguishable because the guidelines focus on the actual conduct of the defendant rather than the degree of danger perceived by others. The application notes, however, apply exactly to the facts in this case and sustain the sentence imposed. Gray also relies on the fact that "Questions Most Frequently Asked About the Sentencing Guidelines," Volume 1, United States Sentencing Commission, 1988, indicates that the firearm enhancement does not apply if the defendant uses a toy gun; whereas a toy gun can be a "dangerous weapon" for purposes of 18 U.S.C. § 2113(d). *Id.* at 12. A toy gun was not involved in this case but an unloaded pellet gun, which is a dangerous weapon under the guideline application notes of *McLaughlin*.

We affirm.