838

UNITED STATES, Appellee,

v.

Specialist Christopher S. SMITH,
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, United States
Army, Appellant.

ACMR 9200565.

U.S. Army Court of Military Review.

11 Feb. 1993.

For Appellant: Major Fran W. Walter-house, JAGC, Captain Timothy M. Lawlor, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC (on brief).

Before WERNER, GRAVELLE, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

In accordance with his pleas, the appellant was convicted of being an accessory after the fact to aggravated assault and of carrying a concealed weapon, in violation of Articles 78 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 878 and 934 (1982) [hereinafter UCMJ]. A military judge sitting as a general court-martial sentenced the appellant to a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved this sentence.

The appellant asserts, *inter alia*, that his plea of guilty to carrying a concealed weapon is improvident because the military judge failed to establish a factual basis that the concealed weapon, an unloaded firearm, was "dangerous." We disagree.

In order for a guilty plea to be provident, the military judge must question the accused and elicit from him sufficient facts to make clear in the record of trial the basis for the military judge's determination that the acts or omissions of the accused constitute the offense to which he is pleading guilty. *United States v. Care*, 18 U.S.C.M.A. 534, 40 C.M.R. 247, 253 (1969). If an accused raises matters inconsistent with the plea, the military judge must further inquire into the plea, and if such inconsistency cannot be resolved, he will reject the plea. UCMJ art. 45(a); *United States v. Brooks*, 26 M.J. 930, 932 (A.C.M.R.1988); *United States v. Clark*, 26 M.J. 589, 592 (A.C.M.R.1988), *aff'd*, 28 M.J. 401 (C.M.A.1989).

The elements of the offense of carrying a concealed weapon under Article 134, UCMJ, are:

(1) That the accused carried a certain weapon concealed on or about the accused's person;

(2) That the carrying was unlawful;

(3) *That the weapon was a dangerous weapon;* and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Manual for Courts–Martial, United States, 1984, Part IV, para. 112b (emphasis added) [hereinafter MCM]. For purposes of carrying a concealed weapon, "a weapon is dangerous if it was specifically designed for the purpose of doing grievous bodily harm, or it was used or intended to be used by the accused to do grievous bodily harm." MCM, Part IV, para. 112c(2). "The vice of carrying [a concealed] weapon is that the intent to use it unlawfully may be formed at any time." *United States v. Thompson,* 3 U.S.C.M.A. 620, 14 C.M.R. 38, 42 (1954). Thus, the reason for making possession of a concealed weapon a crime is for "preventative purposes." *Id.*

During the providence inquiry, the military judge correctly instructed the appellant on the elements of the offense of carrying a concealed weapon and that a weapon is dangerous if specifically designed for the purpose of doing grievous bodily harm. Thereafter, the appellant admitted that he carried a .25 caliber pistol in his automobile under the driver's seat, and kept the ammunition clip in the ashtray. He admitted that the weapon was accessible and he could have retrieved it at any time by merely reaching under the seat.[1] He also admitted that he was carrying it "on or about his person" as defined by the military judge.

The appellant's specific complaint on appeal is that the pistol, while concealed un-der the driver's seat in the automobile, was not loaded. He argues that the pistol was not a "dangerous" weapon because it was not loaded, and therefore his plea is improvident because the military judge failed to establish a sufficient factual basis for the plea. The government argues that an unloaded pistol is dangerous, and that the facts admitted by the appellant sufficiently support the plea. Government counsel further asserts that our opinion in *United States v. Sullivan,* 36 M.J. 574 (A.C.M.R. 1992), is dispositive.[2]

■■■ We agree with the government that the rationale of *Sullivan,* based on *McLaughlin v. United States,* 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986), would be sufficient for us to find the appellant's plea provident. However, we need not rely on *Sullivan* and *McLaughlin.* The Manual itself provides the key support for our decision. Unlike the definition of "dangerous weapon" found in the Manual for aggravated assault, the definition for "dangerous weapon" relating to carrying a concealed weapon contains, *inter alia,* the additional phrase "if it was specifically designed for the purpose of grievous bodily harm." *Compare* MCM, Part IV, para. 54b(4)(a)(i) *with* para. 112c(2). We find that a firearm is included within this phrase, regardless of whether it is loaded or unloaded. *See United States v. Bussard,* 31 C.M.R. 448, 450 (N.B.R.1961); *United States v. Ramsey,* 18 C.M.R. 558 (A.F.B.R.1954), *pet. granted,* 18 C.M.R. 331, *pet. withdrawn,* 18 C.M.R. 333 (C.M.A.1955). *See also United States v. Fanning,* 35 C.M.R. 717 (N.B.R.1957) (pistol is dangerous weapon *per se* for purposes of a Navy regulation banning dangerous weapons on board ship). We hold that the facts as admitted by the appellant during the plea inquiry support the plea, that there is no inconsistency raised by the

1. Later events tragically underscored these admissions. The appellant also related during the providence inquiry that during an altercation at a social club, he quickly retrieved the pistol, loaded it, and fired several shots into the air. He then handed the weapon to another soldier who later fatally shot and killed a third soldier with it.

2. In *Sullivan,* the accused was convicted of assault with a dangerous weapon. This court held that a pistol used in an assault is a "dangerous weapon" within the meaning of Article 128(b)(1), UCMJ, 10 U.S.C. § 928(b)(1), regardless of whether it was loaded or functional.

appellant's admissions, and that the appellant's plea was provident.

The remaining assertions of error, including those personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.[3]

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge DELL'ORTO concur.

---

**3.** We also note that the trial counsel announced on the record that the court was convened by court-martial convening order 27, while the convening order and the charge sheet contained in the record reflect referral to court-martial convening order 26. Such discrepancies can cast doubt on the referral process. *See United States v. Choy*, 33 M.J. 1080 (A.C.M.R.1992). We have reviewed the record, including the staff judge advocate's pretrial advice in the allied papers, and are convinced that the trial counsel's announcement was simply a misstatement.