**UNITED STATES of America,**

v.

**Tomas ALVAREZ, Defendant.**

**CR. No. 92–054–N–HLR.**

United States District Court,
D. Idaho.

Feb. 25, 1993.

Maurice O. Ellsworth, U.S. Atty., Barry McHugh, Asst. U.S. Atty., Boise, ID, for U.S.

R. Keith Roark, Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, ID, Raymundo G. Pena, Rupert, ID, for Tomas Alvarez.

## ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL

RYAN, Senior District Judge.

### I. FACTS AND PROCEDURE

Presently before the court in the above-entitled matter is the defendant's Rule 29(c) Motion for Judgment of Acquittal, filed on December 17, 1992, and the defendant's Rule 33 Motion for New Trial, also filed on December 17, 1992. Briefly, the facts of this case are as follows.

The defendant was tried before this court on December 8, 9, and 10, 1992. The evidence at trial established that on May 2, 1991, agents of the Idaho Bureau of Narcotics executed a search warrant on the defendant's residence. During this search, the agents found an unloaded .22 caliber pistol in the top left drawer of a dresser located in the bedroom of the residence. The agents also discovered and seized 31 grams of cocaine, $10,000.00 in currency, scales, plastic baggies, and rubber gloves in the bedroom. The defendant also had $1,500.00 on his person, and $1,000.00 and nearly 1 gram of cocaine were seized from the purse of Irma Valdez, the defendant's girlfriend who also lived at the residence.

The defendant subsequently pleaded guilty in Idaho state court to the charge of distribution of 1 gram of cocaine, and on March 4, 1992, he was sentenced to the Idaho State Board of Corrections for a term not less than nine months nor more than three years. After being sentenced in state court, the defendant was then charged in federal court in a single-count Indictment handed down on June 10, 1992. The Indictment charged the defendant with knowingly using or carrying a firearm during and in relation to a drug trafficking crime, namely, the possession of cocaine with the intent to deliver, in violation of 18 U.S.C. § 924(c).

At the time of the search, no ammunition was noted by agents conducting inventory, and no ammunition was seized. However, at trial, two government witnesses conveniently remembered seeing some sort of ammunition in a dish or other receptacle on top of the dresser. No such ammunition was presented at trial, and there was no evidence that the ammunition purportedly seen by the agents matched the .22 caliber pistol seized.

The evidence showed that the bedroom was shared by the defendant and Irma Valdez, with each of them having equal access and control of the dresser.[1] No evidence showed that the drawer where the weapon and the cocaine were seized was used exclusively by the defendant. No serial number or other identifying feature linked the gun to the defendant. No fingerprints were found on the gun, in spite of testing for fingerprints. No witness ever saw the defendant with the gun in his possession. No witness testified that the defendant even touched the weapon. No witness could link the defendant with the gun during and in relation to a cocaine transaction. No evidence showed that the gun had ever been taken out of the drawer.

The firearm seized had no intimidation value whatsoever. It was extremely small and appeared to be the type of firearm that a woman would carry in her purse for self-protection. It strained credulity for the government to contend that this weapon was used to embolden the defendant in the course of a drug trafficking crime. There certainly was no evidence of this. In addition, the government contended that the weapon could be secreted on the defendant's person during a drug transaction. Again, there was no evidence that this ever occurred. The firearm at issue could have been unloaded and in that dresser drawer for years. In short, there was simply no evidence that the firearm was ever used or carried during and in relation to a drug trafficking crime. All that the evidence showed was that this insignificant weapon was found in the same drawer as the cocaine.

At the close of trial, the defendant moved for a judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. The court was inclined to grant the motion. However, the court decided to submit the case to the jury, confident that the jury would surely acquit given the complete failure of proof regarding the link between the firearm and a drug trafficking crime. When the jury returned a verdict of guilty, the defendant renewed his motion for judgment of acquittal, pursuant to Rule 29(c), and also filed a motion for new trial.

Having carefully reviewed the evidence presented at trial, the memoranda submitted by the parties, as well as the cases cited therein, the court has determined that the motion for judgment of acquittal should be granted.[2] The court's decision is based on the fact that the government failed to establish any persuasive connection between the defendant and the firearm, let alone a connection between the defendant and the use or carrying of the firearm during and in relation to a drug trafficking crime. The court feels that Rule 29(c) is part of the criminal rules for a reason, and that the rule should and must be applied under circumstances such as those presented here. The court is convinced that the jury's verdict was based on unfair prejudice stemming from the common concern over the drug problem in this coun-

---

1. The court notes that Ms. Valdez was never charged with any crime.

2. Because the court has decided to grant the motion for judgment of acquittal, the motion for a new trial will not be addressed.

try, and that the verdict was not supported by the evidence presented at trial.

## II. ANALYSIS

Rule 29(a) *requires* the court to enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction" on the crime charged. Fed.R.Crim.P. 29(a). Rule 29(c) provides as follows:

> (c) Motion After Discharge of Jury. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Fed.R.Crim.P. 29(c). The defendant's motion was timely filed after the jury was discharged.

Rule 29(c) serves as an important safeguard for criminal defendants. It allows the court to stand between the defendant and an unjust verdict of guilty. Under Rule 29(c), the court may test the sufficiency of the evidence presented against the defendant, and set aside a capricious guilty verdict where there is no legally sufficient evidence of the defendant's guilt. The Supreme Court has confirmed the important role played by Rule 29(c).

> The practice in the federal courts of entertaining properly preserved challenges to evidentiary sufficiency, see Fed Rule Crim Proc 29, serves only to highlight the traditional understanding in our system that the application of the beyond-a-reasonable-doubt standard to the evidence is not irretrievably committed to jury discretion. To be sure, the factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of "not guilty." This is the logical corollary of the rule that there can be no appeal from a judgment of acquittal, even if the evidence of guilt is overwhelming. The power of the factfinder to err upon the side of mercy, however, has never been thought to include a power to enter an unreasonable verdict of guilty.... Any such premise is wholly belied by the settled practice of testing evidentiary sufficiency through a motion for judgment of acquittal and a postverdict appeal from the denial of such a motion.

*Jackson v. Virginia,* 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560 (1979) (citations omitted). The Supreme Court has also made it clear that where no rational trier of fact could find guilt beyond a reasonable doubt, the conviction must be reversed. *Id.* at 317, 99 S.Ct. at 2788. The Supreme Court also described the criterion for ruling on motions for judgment of acquittal as follows: Where reasonable jurors must necessarily have a reasonable doubt as to guilt, the judge must acquit, "'because no other result is permissible within the fixed bounds of jury consideration.'" *Id.* at 318 n. 11, 99 S.Ct. at 2788 n. 11 (*quoting Curley v. United States,* 160 F.2d 229, 232–33 (D.C.Cir. 1947)). This standard was set forth fully and explained by the Court of Appeals for the District of Columbia in *Curley, supra.* In that case, the court held:

> The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal [the nomenclature prior to amendment of Rule 29], must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly

possible, he must let the jury decide the matter.

*Id.* at 232–33.

In *United States v. Rojas,* 554 F.2d 938 (9th Cir.1977), the Ninth Circuit Court of Appeals stated that, "the test for determining whether to grant such a motion 'is whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt, viewing the evidence in light favorable to the Government.' " *Id.* at 943 (citations omitted) (footnote omitted).

As noted above, the defendant was charged in the case at hand with using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In order for the defendant to be found guilty of this charge, the government was required to prove the following elements beyond a reasonable doubt: (1) that the defendant committed the crime of possession of cocaine with the intent to deliver; and (2) that the defendant knowingly used or carried a firearm during and in relation to the crime of possession of cocaine with the intent to deliver. *See* 9th Cir.Crim.Jury Instr. 8.19U (1992).

Possession of a firearm alone does not constitute a violation of the law. Section 924(c) was purposefully amended to establish that there must be a connection between the firearm and the drug trafficking crime. The terms "use" and "carry," as set forth in the statute, mean that the defendant possessed the firearm and that the firearm in some way facilitated or aided the defendant in the commission of the crime of possession of cocaine with the intent to deliver. The circumstances must show beyond a reasonable doubt that the firearm facilitated or had a role in the crime, such as emboldening the defendant—that is giving him security or confidence—to undertake the drug crime or otherwise giving him the opportunity or ability to display or discharge the weapon to protect himself or intimidate others.[3]

As discussed above, and again based on a careful review of the evidence presented at trial, the court finds that there was clearly insufficient relevant evidence, even when viewed in a light most favorable to the government, for the jury to reasonably find guilt beyond a reasonable doubt. The government failed to show a sufficient connection between the firearm and the defendant, and between possession of the firearm and the commission of the drug trafficking crime. In addition, both the intimidation value and the security value of this particular firearm were minimal.

The court agrees with the authority offered by the defendant in his memorandum which makes it clear that the case at hand is easily distinguishable from the cases relied upon by the government. The cases relied on by the government are simply inapposite to the case at hand. In those cases, there were either multiple, highly dangerous firearms, such as sawed-off shotguns and submachine guns, strategically located throughout the residence, making the purpose of the firearms unmistakably and frighteningly clear (the "armed fortress" cases); or the facts of the cases demonstrated a clear connection between the firearm and a drug trafficking crime. Neither set of circumstances are present here.

This case has the weakest set of facts this court has encountered, where the United States Attorney's Office sees fit to again prosecute another Hispanic who has already been convicted and lawfully sentenced in state court arising out of the same search warrant and exact set of facts. If this defendant, once placed in jeopardy, is now to face a second constitutionally permissible jeopardy in the federal court, it requires a better investigation, better facts, and not just a knee-jerk prosecution. Such policy may make for good statistics in the war on drugs and guns, but not sensible justice or good prosecutorial judgment.

## III. ORDER

Based on the preceding discussion, and the court being fully advised in the premises,

---

**3.** *See McLaughlin v. United States,* 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986); *United States v. Coburn,* 876 F.2d 372 (5th Cir.1989); *United States v. Ramos,* 861 F.2d 228 (9th Cir. 1988); *United States v. York,* 830 F.2d 885 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Stewart,* 799 F.2d 580 (9th Cir.1986).

IT IS HEREBY ORDERED that the defendant's Rule 29(c) Motion for Judgment of Acquittal, filed December 17, 1992, should be, and is hereby, GRANTED, and the Indictment is hereby DISMISSED.

IT IS FURTHER ORDERED that the defendant's Rule 33 Motion for New Trial, filed December 17, 1992, should be, and is hereby, DENIED as being moot.