UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-7721

THOMAS EUGENE SWANN, SR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4952

THOMAS EUGENE SWANN, SR.,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-97-128, CA-99-991-AMD)

Submitted: April 28, 2000

Decided: May 17, 2000

Before LUTTIG, MOTZ, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Eugene Swann, Sr., Appellant Pro Se. Gregory Welsh, Assistant United States Attorney, Harvey Ellis Eisenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Swann appeals an order of the district court **1** granting partial relief on his 28 U.S.C.A. § 2255 (West Supp. 1999), motion to vacate on grounds of ineffective assistance of counsel his convictions for aiding and abetting bank robbery and armed bank robbery (Counts One and Two), and for aiding and abetting his co-defendant in using and carrying a firearm in a crime of violence (Count Three). After a hearing on the § 2255 motion, the district court vacated Swann's conviction under Count Three, see 18 U.S.C.A.§ 924(c) (West Supp. 1999), 18 U.S.C. § 2 (1994), and Count One, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), leaving only the conviction for armed bank robbery under Count Two. See 18 U.S.C.A. § 2113(d) (West Supp. 1999). Swann has also filed with this court a petition to remand the case for a hearing on his allegations of fraud and prosecutorial misconduct relating to the vacated Count Three. We deny the petition to remand, deny a certificate of appealability, and dismiss the appeal.

Swann first alleges that he received ineffective assistance of counsel at trial and at the § 2255 hearing. To establish that his counsel was ineffective, Swann must show that the attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A number of Swann's claims relate to his § 924(c) conviction under Count Three. **2** Because that conviction

_____

**1** In addition to a notice of appeal, Swann filed a document titled "Writ of Mandamus" which was construed as another notice of appeal.
**2** Swann claims that his trial attorney failed to determine that the shotgun used in the bank robbery was an antique, failed to object that Count Three did not define "short-barreled shotgun," and failed to object when the district court erred in instructing the jury on the dimensions of a short-barreled shotgun. He argues that his attorney in the § 2255 proceeding was ineffective in refusing to assert these claims.

2

has been vacated, Swann cannot show prejudice, and the claims are thus meritless.

The government conceded at the § 2255 hearing that the short-barreled shotgun carried by Swann's co-defendant was an antique. As such, it is not a "firearm" as the term is defined in 18 U.S.C. § 921(a)(3) (1994), but it may constitute a"dangerous weapon" for purposes of § 2113(d), armed bank robbery, the charge in Count Two. See United States v. Hamrick, 43 F.3d 877, 882-83 (4th Cir. 1995) (unloaded, inoperable, or fake weapon may constitute dangerous weapon for purposes of armed bank robbery statute) (citing McLaughlin v. United States, 476 U.S. 16, 17-18 & n.3 (1986)); see also United States v. Kirvan, 86 F.3d 309 (2d Cir. 1996) (affirming conviction for bank robbery committed with antique weapon). Thus, Swann has not established that his attorney was ineffective with respect to Count Two in failing to realize that the gun was an antique.

Swann further claims that his § 2255 attorney was ineffective at the § 2255 hearing in permitting an amendment of Count Two to bank robbery with a dangerous "device" rather than with a dangerous weapon. Section 2113(d) prohibits robbery with a dangerous weapon or device, but Count Two charged robbery by means of a dangerous weapon. Because an antique weapon is a "dangerous weapon" under § 2113(d), any reference to a dangerous device made at the § 2255 hearing did not amount to a constructive amendment of the indict-ment.

Last, Swann claims that he was denied a fair trial when another judge took over briefly during jury deliberations. During this time, and while defense counsel was at lunch, the jurors asked to see the shotgun. The substitute judge decided to delay sending in the gun until defense counsel returned, but before that happened the jurors sent out a second note saying that they had reached a verdict and did not need to see the gun. As discussed above, because the § 924(c) conviction was vacated and the § 2113(d) conviction is valid even though the gun was an antique, Swann has not shown that the absence of the trial judge violated his right to a fair trial.

We therefore deny a certificate of appealability and dismiss the appeal. We construe the petition pursuant to Rule 60(b) as a motion

3

to remand the case and deny the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

4