In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1362

United States of America,

Plaintiff-Appellee,

v.

Cortez Rhodes,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 141--Joan B. Gottschall, Judge.

Argued September 25, 2000--Decided October 13, 2000

   Before Flaum, Chief Judge, and Easterbrook and Diane
P. Wood, Circuit Judges.

   Easterbrook, Circuit Judge.  Two of the three
issues raised in Cortez Rhodes's appellate brief
were withdrawn in his reply brief. The only
argument still requiring resolution is the claim
that the district judge abused her discretion in
admitting evidence that Rhodes possessed a pellet
gun when arrested and had carried other weapons
before.

   Rhodes stood trial on charges of importing and
conspiring to distribute cocaine. Testifying in
his own defense, Rhodes denied all important
elements of the accusation against him. On cross-
examination the prosecutor asked Rhodes whether
he owned the pellet gun found under his bed at
the time of his arrest and whether he had carried
a .38 semiautomatic handgun shortly before his
arrest. After objections to these questions were
overruled, Rhodes gave affirmative answers. He
contends on appeal that the district judge should
have excluded the evidence under Fed. R. Evid.
403 to avoid a risk of prejudice exceeding the
probative force of the evidence; his brief also
suggests that evidence of weapon possession and
ownership was excludable under Fed. R. Evid.
404(b) as proof of other bad acts offered to show
a propensity to commit crimes. But neither Rule
403 nor Rule 404(b) was mentioned in the district
court. Instead Rhodes's objection was based on

Fed. R. Evid. 402: he argued that gun ownership is not relevant to the charges. This is the ground on which his appeal must be evaluated. Fed. R. Evid. 103(a)(1).

Evidence is relevant whenever it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Guns are among the tools of the drug trade. See United States v. Wyatt, 102 F.3d 241, 248 (7th Cir. 1996). To make a charge less believable, a person charged with distributing cocaine could offer into evidence the fact that he did not own or carry guns, just as he could offer evidence that he did not own scales or possess any drug paraphernalia. A person who lacks wrenches probably is not a plumber; a person who lacks scales and guns is less likely to be a drug dealer (all other things equal) than one who possesses these items. Evidence relevant to undercut a charge is no less relevant to bolster it; the standard under Rule 401 is symmetric. This is clear for wrenches; even though most wrench owners are not plumbers, ownership of wrenches still would help a jury decide whether the person is a plumber. Equally so with guns and drugs, even though most gun owners are not drug dealers. That one of Rhodes's guns fired pellets rather than bullets does not defeat relevance; weapons may be used to intimidate as well as to kill, and the gun found under the bed may have been able to fulfil that function. See McLaughlin v. United States, 476 U.S. 16 (1986).

Evidence of handgun ownership also carries a potential for unfair prejudice and therefore may be excluded under Rule 403 even if it is relevant. (Exclusion of these weapons under Rule 404(b) would not have been appropriate, however; the evidence was offered to prove that Rhodes committed the crimes with which he was charged, not that he had committed some other crime in the past or had a propensity to violate the law.) Rule 403 permits the district judge to exercise discretion about the likely net effects of the evidence. But in this case the judge was not asked to exercise discretion; she was asked to make a simple relevance decision. Evidence need not be powerful to be relevant; "any tendency" is enough. The district judge did not abuse her discretion in handling the only question she was asked to decide, and the implicit resolution of the Rule 403 balancing cannot be deemed plain error under Fed. R. Evid. 103(d).
Affirmed

Diane P. Wood, Circuit Judge, concurring in the result. While I concur in the result of this opinion, I cannot agree with the reasoning of the majority. The record in this case indicates to me that Rhodes did enough at trial to preserve his objection under Fed. R. Evid. 404(b). On the merits, I do not believe the government satisfied its burden to establish the admissibility of the gun evidence under that rule. I further believe that under the circumstances presented here, the district court's decision to admit it was an abuse of discretion. Nonetheless, based on the other evidence produced at trial and the minor role played by the gun evidence in the government's case, I find that the error committed by the district court in admitting the evidence was harmless. I explain these points briefly below.

First, I do not read the trial record as showing that Rhodes failed to preserve the Rule 404(b) objection. He clearly disputed the government's "tools of the trade" justification for the admission of the pellet gun and pistol evidence. This objection was enough to call to the district court's attention rulings like the one in United States v. Johnson, 137 F.3d 970, 975 (7th Cir. 1998), and the fact that the basis for the objection was Rule 404(b).

Second, and more importantly, I do not agree with the logic of the opinion to the extent it suggests this evidence was relevant under Rule 402 (and thus usable by the government) because its absence would have been equally relevant and usable for the defendant. Just because the contemporaneous presence of guns might make it more likely that the person was engaged in drug dealing (as opposed to simple possession for personal use, for example), I disagree that the absence of guns would help to exonerate the person. In fact, if a drug defendant wanted to introduce evidence that the police did not find any guns when they searched his residence as a way of showing that he was not a participant or a dealer, I think the government would probably have a very good Rule 402 objection. Guns are not like the wrenches the majority mentions for the plumber. Nor are they like scales and other paraphernalia specialized to the drug trade. In my view, a better analogy might be to a knitted ski mask. If, while investigating a convenience store robbery (assuming no videotapes or evidence showing what the robber used), the police found a ski mask, the government could introduce it to show that this was something the robber used to conceal his identity. But it would mean absolutely nothing if the police searched someone's residence and did not find any ski

masks. Lots of people never own a ski mask, and hence the absence of one tells us nothing. (To use the language of Rule 401, the absence of a gun or of a ski mask does not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.")

Since I do not agree that the defendant could use the absence of guns, I do not see this as the symmetrical situation the majority describes it to be. This takes me back to the original point, which is whether this was proper evidence under Rule 404(b). I believe we can review that point directly, rather than under the plain error doctrine, because Rhodes adequately preserved his objection under Rule 404(b) (even if he did not preserve the Rule 403 point). On the merits, the government has shown nothing that persuades me that it was using the gun evidence to prove anything other than propensity.

Even if the admission of the gun evidence was an abuse of discretion, however, an evidentiary error like this can be harmless. See, e.g., United States v. Jarrett, 133 F.3d 519, 529 (7th Cir. 1998). Here, I think it was. The prosecution did not paint Rhodes to be the "gun toting gangster" that appellate counsel is worried about. To the contrary, the government took a fairly low-key approach to this evidence. It backed off this line of questioning right away when Rhodes denied carrying a gun during the conspiracy, and it never returned to the issue during the presentation of the evidence. Apart from the gun evidence, the government's case was quite strong. On the record as a whole, I am confident that the error was a harmless one under the standards of Fed. R. Crim. P. 52(a).

I therefore concur in the result reached by the majority.