In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-3225

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEANGELO D. DIXON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 13-cr-40023-001 — **Sara Darrow**, *Judge.*

ARGUED MAY 29, 2015 — DECIDED JUNE 23, 2015

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Deangelo Dixon was convicted of two armed bank robberies, 18 U.S.C. §2113(d), and sentenced to life in prison. A life sentence is mandatory under 18 U.S.C. §3559(c)(1)(A) because Dixon's criminal record includes multiple prior convictions for robbery, which §3559(c)(2)(F)(ii) classifies as "serious violent felonies" because each of his prior convictions was for a crime that had

the threat of violence as an element and a maximum term of at least 10 years' imprisonment.

Dixon contends that the prosecutor violated the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing before trial that one witness had seen his photograph, presented in a way that his lawyer deems suggestive. This came out at trial, and Dixon's lawyer did not recall the witness or present any other evidence based on the photograph. Still, Dixon now contends, the disclosure requirement of *Brady* has been violated because the disclosure occurred during rather than before trial. This contention is a nonstarter, because *Brady* is a disclosure requirement rather than a discovery requirement. See, e.g., *United States v. Ruiz*, 536 U.S. 622 (2002); *Evans v. Circuit Court*, 569 F.3d 665 (7th Cir. 2009). Because this potentially exculpatory fact was disclosed in time to be used at trial, *Brady* has been satisfied. (Dixon does not contend that the United States failed to furnish any discovery material required by an order under Fed. R. Crim. P. 16.)

Sentencing is the main event on appeal. Dixon contends that his sentence violates the Constitution because his prior convictions were not introduced into evidence at trial and considered by the jury. That argument runs smack into *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which we must apply unless the Justices themselves change course. See *United States v. Shields*, No. 13-3726 (7th Cir. June 15, 2015), slip op. 8–11. Dixon has preserved this argument for further review.

A more promising argument is that the conviction should have been under §2113(a) (bank robbery by intimidation) rather than §2113(d) (violation of §2113(a) by using a dangerous weapon or device). In one robbery Dixon waved at

tellers a bag containing a stiff object and threatened them, saying "Five seconds or I'm gonna shoot". In the other Dixon brandished an object with a long barrel and directed a teller to "give him the money or he would shoot". The object in both robberies was not a gun but a butane lighter with a long barrel. Here's a picture of a lighter similar to the ones Dixon used (which the parties inexplicably omitted from their briefs and the appellate record):



Two lighters were seized from Dixon; one looked just like this, and the other was only a little different. Dixon insists that a lighter cannot be a "dangerous weapon or device," no matter what assumption the tellers made about what was in the bag or attached to the barrel.

A long-neck lighter may not be a "weapon," but it could be thought a "dangerous … device". This sort of lighter is

designed to reach into fireplaces or charcoal grills to start fires. It equally could burn a teller's face or hands. (Dixon pressed the barrel against one teller's neck when making a threat.) Yet the United States did not argue to the jury, or to us, that a lighter *is* a dangerous "device." Instead it maintains that it should be *treated as* a dangerous "weapon," because the tellers might have thought it to be one, and the bank's guards might have opened fire.

The statutory question, however, is whether the bank robber used a "dangerous weapon or device" rather than whether a guard or teller mistook a harmless device for a weapon. That would be clear enough if Dixon had placed his hand in his pocket with his finger extended to simulate the barrel of a pistol, or if he had used six inches of wooden dowel sawed from the end of a broomstick to simulate a hidden gun barrel. If the lighter risked gunfire, so might a finger in a pocket or a dowel in a pocket or a water pistol in a pocket or even a kielbasa in a pocket.

*McLaughlin v. United States*, 476 U.S. 16 (1986), gives three reasons why an unloaded handgun is a "dangerous weapon" under §2113(d): first, every firearm is potentially dangerous; second, it instills fear in those at which it is pointed; third, it can cause injury when used as a bludgeon. None of these things is true about a kielbasa. A hidden stiff object, plus a threat, may lead to fear, but fear differs from a "dangerous weapon or device". One decision stated that a toy looking to observers like a real gun might be a "dangerous weapon" because of its fear-inducing potential, see *United States v. Hargrove*, 201 F.3d 966, 968 n.2 (7th Cir. 2000), but we have never held this. We are skeptical; the statute requires a dangerous weapon or device rather than something

a teller believes incorrectly to be dangerous (what if a teller was terrified of rabbits?); but we need not decide because Dixon did not wield a firearm look-alike.

Because §2113(a) is a lesser included offense of §2113(d), we modify the judgment to change the statutory citation, which may conceivably affect Dixon's conditions of confinement or the terms of his release should the President commute his life sentence. But the modification does not reduce that sentence, because §3559(c)(1)(A) requires a life sentence for someone with Dixon's record who is convicted of another "serious violent felony". Section 3559(c)(2)(F)(i) then defines "serious violent felony" to include "robbery (as described in section 2111, 2113, or 2118)". Not §2113(d), in particular, or §2113(e) (bank robbery that includes kidnapping or ends in death), but any part of §2113. Bank robbery by verbal intimidation (§2113(a)) leads to a life term in recidivist sentencing under §3559(c) just as much as bank robbery by intimidation using a weapon.

We asked the parties to file supplemental briefs after argument to address the question whether Dixon might be entitled to the affirmative defense under §3559(c)(3)(A), which provides that a robbery does not count as a "serious violent felony" if the defendant establishes by clear and convincing evidence that "no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense" and that no injury ensued. Dixon did not attempt to meet this standard in the district court, and understandably so. Our conclusion about the butane lighter means that no firearm was used in his bank robberies, and the prosecutor does not contend that anyone was injured, but Dixon threatened to use a firearm.

We held in *United States v. Washington*, 109 F.3d 335, 337 (7th Cir. 1997), that "I have a gun" on a demand note prevents use of the affirmative defense in §3559(c)(3)(A)(i). Dixon's statements were more graphic.

Dixon's supplemental brief calls the tellers' testimony "highly suspect" or "not credible" because they did not agree among themselves on exactly what he said, and the threatened tellers could not positively identify him (the robber was wearing a mask). Dixon says that he was misidentified as the robber. But the jury rejected that defense, and attempts to dispute the tellers' stories do not meet the statutory standard, which requires "clear and convincing" evidence that no threats were made. There was only one robber and if, as the jury found, Dixon was that robber, then he was also the person who uttered the threats.

The judgment is modified to rely on §2113(a) rather than §2113(d) and as so modified is affirmed.