FISHER, Associate Judge,
concurring:
I agree' that appellant’s convictions should be affirmed for the reasons stated in Chief Judge Washington’s opinion for the court, which I join. Although our previous holdings concerning assault with a dangerous weapon and imitation firearms present some conceptual difficulties when applied to the facts of this case, I am not convinced that this is an exceptional case which merits rehearing eh banc.
This was an intent-to-frighten assault, and appellant took great -pains to instill fear by convincing Williams, Jones, and Frost that hé had an actual firearm. Indeed, there was ample reason to conclude that- appellant was brandishing a real gun. Mr. Williams, who saw the object up close and'personal, “kn[e]w what guns look like” and described it as a .380 'Caliber pistol. Williams had “had a couple- of 380s” himself. ■ •
Appellant did not testify, and he offered no admissible evidence that he was brandishing a cell phone instead of a firearm. Nevertheless, the government elicited an *334 out-of-court statement appellant later made to Dwayne Frost, so we must deal with the record presented.
The difficulty arises because the weapon was not recovered by the police. This is far from unusual, and we have long recognized that'the nature of a weapon may be shown by circumstantial, as well as direct, evidence. Moreover, the dangerousness of an object is assessed' not only by the harm it may inflict directly (through the impact of a bullet or its use as a bludgeon), but also by the reaction it may provoke.
Thus, an unloaded handgun is a dangerous weapon because “a gun instills fear in the average citizen” and “creates an immediate danger that a violent response will ensue,” McLaughlin v. United States, 476 U.S. 16, 18, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986) (bank robbery). “[E]ven an imitation or blank pistol used in an assault by pointing it at another is a ‘dangerous weapon’ in that it is likely to produce great bodily harm.” Harris v. United States, 333 A.2d 397, 400 (D.C.1975) (assault with a dangerous weapon).
There may be a chance that the object in appellant’s hand, if recovered and displayed in a still life image, would not be aptly described as a real or imitation firearm. But it was used in “a highly charged atmosphere” and it had the apparent ability .to inflict great bodily injury when seen through the eyes -of the victims. Harris, 333 A.2d at 400, In sum, the situation appellant created was fraught with danger. Any metaphysical shortcomings in the jury instruction defining an imitation firearm did not lead to an unjust conviction.