**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 21-1392

———————————

UNITED STATES OF AMERICA

v.

AARON JOHNSON,
                    Appellant

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-19-cr-00294)
District Judge: Honorable John E. Jones, III

———————————

Submitted under Third Circuit L.A.R. 34.1(a)
on Friday, November 19, 2021

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed February 10, 2022)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**ROTH**, Circuit Judge

Aaron Johnson pleaded guilty to four counts of armed bank robbery without a plea agreement. The District Court sentenced him to 132 months' imprisonment. Johnson appealed. His counsel submits that Johnson's appeal presents no nonfrivolous issues and moves to withdraw under *Anders v. California.*[1] We will grant the motion and affirm.

<h1 style="text-align:center">I</h1>

Police arrested Johnson following a high-speed chase shortly after his fourth bank robbery in a string of similar incidents spanning six months. The government charged Johnson with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d). All four robberies involved the use of a weapon later identified as a "BB gun"; Johnson committed those crimes while on parole from a prior state robbery conviction. He confessed to committing all four robberies, and he entered a guilty plea with his appointed counsel.

Johnson raised a single objection to the presentence-investigation report. He challenged the four-level enhancement applied for use of a dangerous weapon under § 2B3.1(b)(2)(D) of the United States Sentencing Guidelines. Johnson objected that, while he may have "brandished" the gun during the robberies and was therefore subject to a three-level enhancement, he never "otherwise used" the gun and thus should not receive a four-level enhancement. During the sentencing hearing, however, Johnson withdrew this objection. With the objection withdrawn, the court imposed a sentence of 132 months' imprisonment, a sentence in the middle of the recommended Guidelines range.

---

[1] 386 U.S. 738 (1967).

**II**[2]

Our Local Appellate Rule 109.2(a) allows defense counsel to move to withdraw and file an accompanying brief when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit."[3] When counsel submits an *Anders* brief, we must decide "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[4]

Here, counsel's *Anders* brief is adequate because it both reveals that "counsel has thoroughly examined the record in search of appealable issues" and explains "why the issues are frivolous."[5] The brief demonstrates a thorough examination of the record and endorses the validity of Johnson's conviction and the reasonableness of his sentence. It also identifies potentially appealable issues and explains why they lack merit.

We must also review the record to determine whether the appeal "lacks any basis in law or fact."[6] We conclude that it does. The first potentially appealable issue is whether the District Court erred by accepting Johnson's guilty plea to armed robbery in violation of 18 U.S.C. § 2113(d), which requires that the defendant "use . . . a dangerous weapon or device." Because the record shows that Johnson used a "BB gun," the potentially appealable issue is whether the "BB gun" qualifies as a "dangerous weapon." However, as Johnson's counsel notes, the Supreme Court has held that a wooden gun amounted to a "dangerous weapon" because a

---

[2] We have subject-matter jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over legal conclusions and clear-error review for factual findings. *See Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

[3] 3d Cir. L.A.R. 109.2(a).

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). An issue is frivolous if it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).

[5] *Youla*, 241 F.3d at 300.

[6] *McCoy*, 486 U.S. at 438 n.10 (1988).

"dangerous weapon's" display need only "instill[ ] fear in the average citizen … [and] as a consequence[] create[ ] an immediate danger that a violent response will ensue."[7]  Thus, the "BB gun" used by Johnson in the robberies amounts to a "dangerous weapon."

The second potentially appealable issue is whether the District Court erred by applying a four-level enhancement to Johnson's offense level for "otherwise us[ing]" a dangerous weapon during the robbery—instead of applying a three-level enhancement for merely "brandishing" the weapon.  Under the Sentencing Guidelines, "'otherwise used' with reference to a dangerous weapon means that the conduct was more than brandishing, displaying, or possessing a firearm or other dangerous weapon."[8]  In this case, Johnson used the BB gun to threaten others, pressed it against a teller's head, and even caused a laceration when striking a bank employee with it. Those actions amount to more than mere brandishing under the Guidelines; instead, Johnson's actions amount to "otherwise us[ing]" a dangerous weapon.

### III

For these reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

---

[7] *McLaughlin v. United States*, 476 U.S. 16, 17–18 (1986).
[8] U.S.S.G. § 1B1.1 cmt. n.1(J).