**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Mathes GARRETT,
Defendant–Appellant.**

**No. 92–2985
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 1, 1993.

Teri Donaldson, Tamra Phipps, Asst. U.S. Attys., Tampa, FL, for U.S.

Before EDMONDSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Appellant James Mathes Garrett was convicted by a jury of one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He was sentenced to a term of incarceration of ninety-seven months, followed by four years supervised release. In this appeal, Garrett raises several issues, challenging both his conviction and his sentence. After a thorough review of the record, we hold that all of the issues are clearly without merit. We nevertheless discuss one of those issues, whether a toy gun is a dangerous weapon within the meaning of 18 U.S.C. § 2113(d), because it has not been addressed previously by this Circuit.

### I. FACTS

Garrett and one of his two accomplices entered a branch of the American Bank & Trust on January 14, 1992. Garrett was carrying a toy nine-millimeter gun. His accomplice was carrying a B.B. gun that also looked like a real nine-millimeter gun. Both guns apparently looked real enough that the bank's customers followed the instructions to lie on the floor and the bank's employees allowed the two men to steal over $11,000. One of the tellers was instructed to open the teller drawers and Garrett's accomplice filled a paper bag with money. Both men then left the bank.

### II. STANDARD OF REVIEW

The issue of whether a toy gun is a dangerous weapon within the meaning of 18 U.S.C. § 2113(d) is a question of law. Questions of law are reviewed *de novo. O'Reilly v. Ceuleers,* 912 F.2d 1383, 1385 (11th Cir. 1990).

## III. DISCUSSION

A defendant faces enhanced penalties for bank robbery when he or she "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" during the commission of the crime. 18 U.S.C. § 2113(d). Garrett was indicted pursuant to this provision. Garrett contends that the district court should have granted his motion for judgment of acquittal because he used a toy gun rather than a real gun.

There is no merit in Garrett's contention. The Supreme Court has held that an unloaded gun is a dangerous weapon within the meaning of 18 U.S.C. § 2113(d), *McLaughlin v. United States*, 476 U.S. 16, 19, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986), and the Ninth Circuit has held that a toy gun is a dangerous weapon. *United States v. Martinez–Jimenez*, 864 F.2d 664, 668 (9th Cir.), *cert. denied*, 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989); *see also United States v. York*, 830 F.2d 885, 891 (8th Cir. 1987) (an inoperable gun, which is incapable of firing, is a dangerous weapon), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). Furthermore, the *McLaughlin* Court noted that the debate in the House of Representatives indicates that "Congress regarded incitement of fear as sufficient to characterize an apparently dangerous article (such as a wooden gun) as 'dangerous' within the meaning of the statute." 476 U.S. at 18 n. 3, 106 S.Ct. at 1678 n. 3.

We see no reason to distinguish between an unloaded or inoperable real gun and the toy gun used in this case for the purposes of this statute. We, therefore, agree with the *Martinez–Jimenez* court that *McLaughlin* controls this issue and reject Garrett's argument that his toy gun was not a dangerous weapon within the meaning of 18 U.S.C. § 2113(d).

Accordingly, Garrett's conviction and sentence are

AFFIRMED.