76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Ian MARSTON, Defendant-Appellant.
 No. 95-5267.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 Before: MERRITT, Chief Circuit Judge; WELLFORD and DAUGHTREY, Circuit Judges.
 MERRITT, Chief Circuit Judge.
 
 
 1
 Defendant Ian Marston pled guilty to federal kidnapping, 18 U.S.C. § 1201, and carjacking, 18 U.S.C. § 2119. This is a direct appeal concerning the sentence Defendant received for the kidnapping only. For the reasons discussed below, we affirm the decision of the District Court.
 
 
 2
 Defendant Ian Marston and a companion escaped from a drug rehabilitation center and stole a car at gunpoint in Oklahoma. Several days later, needing another vehicle, they stole a car from a woman in Chattanooga, Tennessee. They indicated to the victim that they had a gun and would kill her if she did not cooperate. Marston, however, had lost the gun with which he committed the Oklahoma crime and all he had was a sawed-off BB gun. Marston and his companion then drove the victim around in her car for several hours, including crossing over state lines into Georgia and back to Tennessee. The victim was eventually left tied to a tree in Tennessee, from which she freed herself and went to the police. Marston and his companion were apprehended several days later in Kentucky with the Tennessee woman's car.
 
 
 3
 Defendant pled guilty to carjacking for the Oklahoma crime and kidnapping for the Tennessee crime. Because a BB gun is not a "firearm" under the statute, Defendant was not charged with violation of the federal carjacking statute as a result of the Tennessee conduct. The carjacking statute, 18 U.S.C. § 2119, stated in pertinent part: "[w]hoever, possessing a firearm ... takes a motor vehicle ... from the person or presence of another by force or intimidation" shall be guilty of carjacking. (Emphasis added.)[1] Defendant was sentenced for both crimes together. Defendant's combined sentence for the two crimes was 168 months, the maximum end of the guideline range for the offenses. The sentence included a two-level enhancement to the Tennessee kidnapping sentence for "carjacking." The only portion of the sentence at issue on appeal is the sentence for the Tennessee kidnapping.
 
 
 4
 For the kidnapping charge, Marston was sentenced under Section 2A4.1 of the Sentencing Guidelines, which covers sentencing for kidnapping, abduction and unlawful restraint. Section 2A4.1(b)(7) states that
 
 
 5
 If the victim was kidnapped, abducted, or unlawfully restrained during the commission of, or in connection with, another offense ...; or if another offense was committed during the kidnapping, abduction, or unlawful restraint, increase to--
 
 
 6
 (A) the offense level from Chapter Two offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping, abduction, or unlawful restraint, or otherwise takes such conduct into account....
 
 
 7
 (Emphasis added.) The background to the Commentary for section 2A4.1 specifically refers to subsection (b)(7) reproduced above and states that "[a]n enhancement is provided when the offense involves another federal, state, or local offense that results in a greater offense level." In other words, where the offense level calculated under a different section for "another federal, state or local offense" includes an adjustment for kidnapping and results in a higher offense level than the offense level calculated under the kidnapping section, the sentencing guidelines for the other offense should be used to calculate the sentence.
 
 
 8
 The criteria set forth above in subsection (b)(7) apply in this case. First, the Tennessee victim was kidnapped during another offense, a carjacking. Although the Tennessee carjacking was not a federal offense because the Defendant did not possess a firearm during the carjacking, the carjacking conduct is an offense under Tennessee state law and under the definition of "carjacking" set forth in the guidelines. Second, the robbery section in Chapter Two of the guidelines, which is the section used to sentence carjackings, includes an adjustment for abduction. § 2B3.1(b)(4)(A). Third, the total offense level is 29 under the robbery section of the guidelines and only 26 under the kidnapping section of the guidelines. The total offense level, therefore, is higher if calculated under the robbery sentencing guidelines instead of the kidnapping sentencing guidelines. Because the elements of Section 2A4.1(b)(7) are met in this case, we look, as directed by Section 2A4.1(b)(7), to the applicable sentencing section for the "other" offense to calculate Defendant's sentence: the robbery/carjacking guidelines. § 2B3.1.
 
 
 9
 On appeal, Defendant does not argue that Section 2B3.1 of the guidelines, the robbery section, should not have been used to sentence him. Instead, Defendant argues that the two-level enhancement for carjacking under section 2B3.1(b)(1) should not have been used because he did not meet the elements of the federal carjacking statute because he did not possess a "firearm" when he robbed the victim of her car. The parties do not dispute that a BB gun, which is the weapon found on Defendant, is not a firearm under the federal carjacking statute. In contrast to the language of the statute, the commentary guideline to section 2B3.1 defines carjacking as any "attempted taking of a motor vehicle from the person ... of another by force and violence or by intimidation." Unlike the federal statute at that time, the guidelines did not require the use of gun, only use of force or intimidation, which Defendant does not dispute was used here.
 
 
 10
 The note to the guideline in question clearly covers Defendant's conduct in this situation. The conduct of robbing the victim of her car through the threat of violence made the kidnapping more egregious and Congress chose to punish that conduct through an enhancement in the sentencing guidelines. The two-point enhancement for carjacking reflects the seriousness of carjacking in addition to the seriousness of the underlying kidnapping. It is not necessary that the government be able to convict defendant under the federal carjacking statute to enhance his kidnapping sentence for the generic crime of "carjacking." Accordingly, this Court AFFIRMS the decision of the District Court.
 
 WELLFORD, Circuit Judge, concurring:
 
 11
 I concur in the opinion that § 2A4.1(b)(7) of the sentencing guidelines is applicable and that Marston's sentence has been properly determined by the district court based on his commission of a state offense or offenses during the kidnapping. I would also affirm the district court because I believe that guideline "relevant conduct" considerations permit the enhancement. U.S.S.G. § 1B1.3.
 
 
 12
 The present case is analogous to the bank robbery cases in which the defendant did not technically use a "dangerous weapon" in the commission of the crime, but where the purported weapon was actually a toy.[1] See, e.g., United States v. Medved, 905 F.2d 935, 939 (6th Cir.1990), cert. denied, 498 U.S. 1101 (1991). In those cases, the crimes at issue warranted the aggravated penalty because the victims reasonably believed that they were being threatened with a "dangerous weapon." Id. at 940 (display of what appears to be a gun can "bring on heart attacks and other untoward medical consequences"); see United States v. Robinson, 20 F.3d 270 (7th Cir.1994); United States v. Garrett, 3 F.3d 390 (11th Cir.1993), cert. denied, 114 S.Ct. 110 (1994); United States v. Martinez-Jimenez, 864 F.2d 664 (9th Cir.), cert. denied, 489 U.S. 1099 (1989); see also United States v. Hamrick, 43 F.3d 877, 880-83 & n. 9 (en banc; a toy gun has been held to be sufficient as a "dangerous weapon" under § 2113(d) unless the toy is not displayed), cert. denied, No. 94-8773, 1995 WL 230527. To the same effect, courts have held that where the weapon used was inoperable or incapable of firing, the enhanced sentence is nevertheless justified. See United States v. Harris, 792 F.2d 866 (7th Cir.1986); United States v. York, 830 F.2d 885 (8th Cir.1987), cert. denied, 484 U.S. 1074 (1988).
 
 
 13
 Defendant admits in his main brief that he told his victim that he had a sawed-off shotgun, and that he possessed "a BB gun that looked like a shotgun." Defendant's Brief at 5. In his reply brief, the defendant again admits that "[d]uring the kidnapping, the defendant showed to the kidnap victim a sawed off BB gun which resembled a shotgun." Reply Brief at 3. His later guilty plea evidenced the fact that he had recently "knowingly used and carried a firearm, that is a .25 caliber semi-automatic pistol," during a similar carjacking episode. The BB gun not only appeared to be a firearm, but Marston also described it as a shotgun and threatened to use it as he would a firearm. The victim reasonably believed she was threatened by a kidnapper with a firearm and thus Marston and his accomplice were able, by force and intimidation, to accomplish the taking and robbery of the car from the victim driver.[2]
 
 
 14
 I would hold that Marston used what was for all intents and purposes a firearm in effectuating the kidnapping and the taking of the car. The brandishing of and threat to use what reasonably appeared to be a firearm was sufficient to enhance Marston's kidnapping sentence by use of the relevant conduct component. Although the pertinent guideline is not identical to the carjacking statute, its application under these circumstances doses not run afoul of the legislative purpose behind § 2119. Consequently, the guideline and its commentary, which are to be broadly construed, are authoritative. Stinson, 113 S.Ct. at 1915. I would also affirm, then, based on this relevant conduct analysis.
 
 
 
 [1]
 Because the federal carjacking statute recently has been amended to more closely mirror the language in the sentencing guidelines so that possession of a firearm is not required to convict for carjacking, the precise issue presented in this appeal is unlikely to arise again. At the time of the commission of this offense, however, a defendant must have possessed a firearm to commit a carjacking
 
 
 [1]
 The bank robbery statute, 18 U.S.C. § 2113, refers to "use of a dangerous weapon" to warrant an extra penalty, not the use of a "firearm." The two phrases, "dangerous weapon" and "firearm," as used in the bank robbery statute and § 924, are not equivalent. United States v. Crews, 538 F.2d 575 (4th Cir.), cert. denied, 429 U.S. 852 (1976). A dangerous weapon would include a firearm as well as other devices inflicting serious bodily injury
 
 
 [2]
 Marston does not dispute that his victim was reasonable in her belief that he was carrying a sawed-off shotgun