[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12794
_____

D.C. Docket No. 6:11-cv-01332-GAP-KRS

WILLIAM SMITH,

Plaintiff - Appellant
Cross Appellee,

versus

CITY OF OAK HILL, FLORIDA,
GUY GRASSO,
Chief, as Chief of the Oak Hill, Florida Police Department,
MICHAEL IHNKEN,
Sergeant, in his official and individual capacity,

Defendants - Appellees,

SHANE CHANDLER,
Officer, in his official and individual capacity,

Defendant - Appellee
Cross Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 17, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

William Smith appeals the district court's denial of compensatory damages for his successful 42 U.S.C. § 1983 claim, admission of certain evidence at trial, and reduction of Smith's attorney's fees award. Officer Shane Chandler of the Oak Hill Police Department cross-appeals the district court's denial of his motions for judgment as a matter of law. After careful review of both parties' arguments, we affirm.

**I.**

While on patrol, Officer Chandler observed Smith, who was driving a vehicle that he had borrowed from an acquaintance. According to Officer Chandler's testimony at trial, Smith crossed over the fog line and the white broken lane divider line. Officer Chandler activated his in-car video camera and observed the vehicle come into contact with the fog line. He then ordered Smith to pull his vehicle to the side of the road. Smith complied. Officer Chandler and Sergeant Michael Ihnken, who had arrived on the scene and also was a member of the Oak

Hill Police Department, approached the vehicle and searched it after detecting the odor of burnt cannabis, an odor that Smith admitted in later testimony Chandler could well have smelled.  The officers found five baggies of marijuana, forty baggies of cocaine, a pistol, and ammunition in the car and arrested Smith.  The State of Florida charged Smith with possession with intent to distribute and possession of a firearm by a convicted felon.  Smith obtained counsel for his criminal trial, paying a retainer of $20,000.00 and costs of $2,000.00.  Smith moved to suppress the evidence found inside the vehicle he had been driving, alleging that the initial stop was illegal and that the evidence found inside the car was fruit of the poisonous tree.  The trial judge granted the motion, and the charges were dropped.

Smith filed a complaint in state court seeking damages for the stop, naming a number of defendants, including Officer Chandler.  The defendants removed to the District Court for the Middle District of Florida.  During the trial, Officer Chandler made timely motions for judgment as a matter of law.  Smith obtained a favorable verdict and judgment against Officer Chandler only.  The jury decided that the stop was an unreasonable seizure under the Fourth Amendment because Officer Chandler did not have a reasonable suspicion for pulling Smith over, but it decided that the search of the vehicle was not unreasonable because Officer Chandler did have probable cause to search the vehicle.  At the damages phase, the

3

judge instructed the jury that they should consider only "loss of time and expenses incurred due to the vehicle stop and the subsequent search; and . . . mental suffering." The instructions specifically excluded consideration of "the bond fee or attorney's fees incurred in either the criminal case or this one." The jury awarded damages of $250.00. The court also awarded Smith attorney's fees in the amount $27,604.00 and costs in the amount of $674.80 to compensate Smith for prosecuting the § 1983 claim only; no attorney's fees or costs were awarded for the criminal proceedings.

## II.

Smith argues that he is entitled to recover for the expenses incurred in defending himself in the underlying criminal proceeding because the illegal seizure and, by extension, the discovery of the evidence caused the damages he suffered. This is a question of law that we review *de novo*. *United States v. Garrett*, 3 F.3d 390, 390 (11th Cir. 1993) (per curiam). We have not decided whether a criminal defendant who succeeds on a § 1983 claim for an illegal search or seizure may recover for the expense of defending himself where the foundation of the criminal charge was the evidence discovered during the illegal search or seizure.[1] But, we

---

[1] Several other circuits have addressed the issue and reached differing conclusions. *Compare Hector v. Watt*, 235 F.3d 154 (3d Cir. 2000) (no recovery); *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) (same), *with Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988) (recovery permissible); *Kerr v. City of Chicago*, 424 F.2d 1134 (7th Cir. 1970) (same). The district court relied on *Townes* in instructing the jury about damages. In *Townes*, the Second

4

do not find it necessary to consider this question now because Smith has not demonstrated that the unlawful traffic stop proximately caused his criminal-defense fees.

Section 1983 "creates a species of torts liability," and damages are determined by compensation principles of common-law tort. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994); *Memphis Community School District v. Stachura*, 477 U.S. 299, 306 (1986); *Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990). While defendants in § 1983 cases "are, as in common law tort disputes, responsible for the natural and foreseeable consequences of their actions," the § 1983 plaintiff must show causation. *Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000). Causation has two required elements:  cause-in-fact and legal or proximate cause. *Id.* at 1168 n.16.  To show that the constitutional tort was a cause-in-fact of the injuries and damages claimed, the plaintiff must show that "except for the constitutional tort, such injuries and damages would not have occurred." *Id.*  To show that the constitutional tort was the legal or proximate cause of the injuries

---

Circuit held that victims of unreasonable searches or seizures could not recover for injuries resulting "from the discovery of incriminating evidence and consequent criminal prosecution." 176 F.3d 138, 148.  It reasoned, in part, that "the trial court's failure to suppress the evidence concerning Townes's own criminal acts constituted a superseding cause of Townes's conviction and imprisonment." *Id.* at 147.  In other words, the chain of causation was broken, severing proximate cause. *Id.*

5

and damages claimed, a plaintiff must show that "the injury or damage was a reasonably foreseeable consequence of the [officer's] act or omission." *Id.*

Here, because the jury found that the search subsequent to the traffic stop was lawful, Smith failed to show that Chandler's actions were the proximate cause of his criminal-defense fees.[2] Chandler testified that he smelled the odor of marijuana upon approaching Smith's vehicle, and Smith admitted that Chandler may well have smelled marijuana. This evidence sufficiently supports the jury's finding that Chandler had probable cause to search Smith's vehicle. It is not a reasonably foreseeable consequence of conducting a traffic stop that the vehicle will smell like marijuana. Thus, the smell of marijuana, which provided independent probable cause supporting the search that led to the discovery of the drugs, firearms, and ammunition, broke the chain of proximate causation linking the unlawful traffic stop with Smith's subsequent lawful arrest and prosecution, and he cannot recover for the resulting expenses. Accordingly, we affirm the denial of compensatory damages for the expenses Smith incurred in defending himself in the criminal trial.

Smith also argues that the district court abused its discretion by admitting photographs of the contraband discovered during the search. *See Goulah v. Ford*

---

[2] We do not discuss but-for causation because we find that Smith has not shown proximate cause.

6

*Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997) ("We review the district court's rulings on the admissibility of evidence for abuse of discretion.").  A district court may exclude evidence for its prejudicial effect only "if its probative value is *substantially* outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403 (emphasis added).  This is a difficult standard to meet, and we cannot say that the district court abused its discretion in deciding that the evidence did not meet it. Smith further contends that the 50-percent decrease in attorney's fees was an abuse of discretion.  However, he offers no substantive argument on that issue and thus has abandoned it.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

## III.

Finally, Chandler, for his part, appeals the district court's denial of his motions for judgment as a matter of law.  He argues that no reasonable jury could find that he did not have probable cause[3] for the stop because he presented testimony that Smith unlawfully swerved across the fog line and video evidence that Smith unlawfully crossed onto the fog line.  However, the video, at most, shows only that Smith's car may have barely touched the fog line for less than a second.  In light of the discrepancy between the video and Chandler's description

---

[3] "A traffic stop . . . is constitutional if it is . . . based upon probable cause to believe a traffic violation has occurred . . . ."  *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008) (per curiam).

of Smith's driving after Chandler turned on the video camera, the jury was entitled to disbelieve Chandler, including his testimony that addressed Smith's driving prior to the beginning of the video recording.   Accordingly, the jury was entitled to find that Officer Chandler did not have reasonable suspicion to stop Smith and that the stop consequently was an illegal seizure.  Therefore, we affirm the district court's denial of Officer Chandler's motions for judgment as a matter of law.

**AFFIRMED.**