[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16853
_____

D.C. Docket No. 5:12-cv-00281-CAR-CHW


FRED DALTON BROOKS,

                                                                    Plaintiff-Appellant,

versus

WARDEN, et al.,

                                                                    Defendants,

DEPUTY WARDEN WILLIAM POWELL,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 25, 2017)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

MARTIN, Circuit Judge:

Fred Dalton Brooks is incarcerated at the Georgia Diagnostic and Classification Prison. Five years ago, he filed a pro se civil rights suit under 42 U.S.C. § 1983 against one of the prison guards, Deputy Warden William Powell. In 2015, this Court reversed the District Court's dismissal of Mr. Brooks's complaint. See Brooks v. Warden, 800 F.3d 1295, 1298 (11th Cir. 2015). We concluded, contrary to the District Court, that Mr. Brooks's allegations against Deputy Powell stated a violation of the Eighth Amendment. Id. On remand, Deputy Powell asserted for the first time a new defense: that Mr. Brooks failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The District Court agreed and dismissed Mr. Brooks's case for failure to exhaust. Mr. Brooks now appeals that decision. He argues that Deputy Powell is barred from asserting the exhaustion defense because he failed to raise it in his first motion to dismiss. After careful consideration, and with the benefit of oral argument, we conclude that Mr. Brooks is right. We therefore reverse the dismissal of Mr. Brooks's complaint and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

A. MR. BROOKS'S ALLEGATIONS

2

Mr. Brooks's claim is based on what he endured after he was brutally attacked and sexually assaulted by another inmate during a prison riot. He had to be treated at an outside hospital, where he was guarded by Deputy Powell. This Court, in its prior opinion in this case, summarized Mr. Brooks's allegations:

> Brooks alleges that Powell refused to allow Brooks to lower the waist-chains that bound him so that he could use the toilet while in the hospital. As a result, Brooks was forced to defecate into his jumpsuit and sit in his own feces for two days during his three-day hospital stay. Brooks also alleges that Powell refused to allow the nurses to clean Brooks or offer him an adult diaper, and that Powell and the other guards laughed at Brooks and mocked him throughout the ordeal.

Id. at 1303.

B. PROCEDURAL HISTORY

In July 2012, Mr. Brooks filed this § 1983 suit against Deputy Powell.[1] Deputy Powell moved to dismiss Mr. Brooks's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Deputy Powell did not mention the idea that Mr. Brooks failed to exhaust administrative remedies as required by the PLRA. In response to Deputy Powell's motion to dismiss, Mr. Brooks amended his complaint. Deputy Powell then filed a second motion to dismiss. He again moved to dismiss for failure to state a claim under Rule 12(b)(6). But again, he did not raise the defense that Mr. Brooks had failed to

---

[1] Mr. Brooks also named other prison officials as defendants, but they have since been dismissed from the action. See Brooks, 800 F.3d at 1298, 1301–03.

3

exhaust the prison's administrative remedies.  The District Court granted Deputy Powell's motion and dismissed Mr. Brooks's suit.  Mr. Brooks then appealed to this Court and won.  See Brooks, 800 F.3d at 1305 ("Brooks has [] sufficiently alleged that Powell was deliberately indifferent to the substantial risk of serious harm Brooks endured during his hospital stay."); id. at 1307 ("Any reasonable officer should have known that [Deputy Powell's alleged] conduct was at war with the command of the Eighth Amendment.  Although qualified immunity is a muscular doctrine, it cannot save Powell here." (quotation omitted)).

On remand, Deputy Powell filed an answer to Mr. Brooks's amended complaint.  For the first time—and after more than three years of litigation—Deputy Powell raised the affirmative defense that Mr. Brooks had failed to meet the exhaustion requirement of the PLRA.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted.").  Deputy Powell then filed a third Rule 12 motion—a motion for judgment on the pleadings under Rule 12(c)—arguing that Mr. Brooks's suit should be dismissed "as [he] failed to exhaust his administrative remedies."

Mr. Brooks argued the Rule 12(c) motion should be denied on two separate grounds.  First, Mr. Brooks said Deputy Powell was barred "from raising exhaustion at this stage" because he failed "to raise this defense in his earlier

4

motions under Rule 12." In the alternative, he said the defense failed on the merits because Deputy Powell "cannot meet his burden of establishing that administrative remedies were 'available.'" See Ross v. Blake, 578 U.S. ___, 136 S. Ct. 1850, 1858 (2016) ("[T]he exhaustion requirement hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." (alteration adopted)).

The District Court rejected both arguments. First, the court found that administrative remedies were available to Mr. Brooks and he failed to exhaust them. After finding Mr. Brooks failed to exhaust available administrative remedies, the District Court then turned to the question of whether Deputy Powell "waived the failure to exhaust defense" by failing to raise it in his first Rule 12 motion. Calling it "an extremely close question," the District Court found "exhaustion is most similar to subject matter jurisdiction," which cannot be waived. Relying on this analogy, the court held that "a defendant does not waive the exhaustion defense by failing to raise it in the first responsive pleading." Having found (1) that Mr. Brooks failed to exhaust administrative remedies, and (2) that the defense had not been waived, the District Court granted Deputy Powell's Rule 12(c) motion and dismissed Mr. Brooks's case for failure to exhaust. This is Mr. Brooks's appeal.

5

## II.  DISCUSSION

The PLRA requires prisoners to exhaust available administrative remedies before filing a lawsuit.  See 42 U.S.C. § 1997e(a).  However, the exhaustion requirement "is an affirmative defense," not a pleading requirement.  See Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007).  The issue presented in this case is whether a prison official forfeits the exhaustion defense by failing to raise it in his first motion to dismiss under Rule 12.  Because this is a question of law, our review is de novo.  See United States v. Garrett, 3 F.3d 390, 390 (11th Cir. 1993) (per curiam); see also Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) ("This court reviews de novo a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement.").  We conclude that under Federal Rule of Civil Procedure 12(g)(2), a defendant must raise the exhaustion defense in his first Rule 12 motion, otherwise the defense is forfeited and cannot be raised in a later motion under Rule 12.[2]  Because we hold that Rule 12(g)(2) bars Deputy Powell's untimely assertion of the exhaustion defense, we need not and do not

---

[2] While the District Court used the term "waive" instead of "forfeit," and the two are often used interchangeably, they are not actually the same.  See United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) ("Waiver is different from forfeiture."); Freytag v. Comm'r, 501 U.S. 868, 894 n.2, 111 S. Ct. 2631, 2647 n.2 (1991) (Scalia, J., concurring).  As the Supreme Court has explained, waiver is the "intentional relinquishment or abandonment of a known right," whereas forfeiture is the "failure to make the timely assertion of a right."  Olano, 507 U.S. at 733, 113 S. Ct. at 1777 (quotation omitted).  In this context the proper term is forfeiture, as it does not matter for purposes of Rule 12(g)(2) whether the defendant's failure to timely raise the exhaustion defense was intentional or inadvertent.

address whether the District Court erred in its determination on the merits of the defense.

A.  RULE 12(g)(2)

In this circuit, the exhaustion defense should be raised in a motion to dismiss under Rule 12(b).  See Bryant v. Rich, 530 F.3d 1368, 1374–75 (11th Cir. 2008).[3] The fact that "motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b) is not unusual or problematic."  Id. at 1375.  The "normal pleading rules" apply.  Jones, 549 U.S. at 214, 127 S. Ct. at 920; see also Bryant, 530 F.3d at 1376 (explaining that, as an unenumerated Rule 12(b) motion, the exhaustion defense "is subject to the rules and practices applicable to the most analogous Rule 12(b) motion" (quotation omitted)).

One of Rule 12's many pleading rules is 12(g)(2).  It limits the defenses that can be raised for the first time in a second or successive motion to dismiss under Rule 12.  Specifically, the rule says: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  In other words, unless one of the specified exceptions applies, a party cannot raise a defense in a second Rule 12 motion that it failed to raise in its first Rule 12 motion.  See Am. Ass'n of

_____

[3] If raised in a motion for summary judgment, the defense must be treated as a motion to dismiss under Rule 12.  Bryant, 530 F.3d at 1374–75.

Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."). "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground." Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012).

## B. APPLICATION OF RULE 12(g)(2)

Under Rule 12(g)(2), Deputy Powell was barred from raising the exhaustion defense in his Rule 12(c) motion. Deputy Powell filed two earlier motions to dismiss under Rule 12 and could have raised the exhaustion requirement as a defense in either of those motions, but he didn't. Instead, he waited until the third time he filed a Rule 12 motion to assert the defense. No one disputes this. Because Deputy Powell did not raise the exhaustion defense in his first motion to dismiss under Rule 12, he "must not make another motion under this rule raising [that] defense." Fed. R. Civ. P. 12(g)(2).

Rule 12(g)(2) carves out two exceptions to its consolidation requirement—those established in Rules 12(h)(2) and (3). Neither exception applies here. Rule 12(h)(2) exempts motions to dismiss for "[f]ailure to state a claim upon which

8

relief can be granted."[4]  Fed. R. Civ. P. 12(h)(2).  This Court has made clear, however, that the PLRA exhaustion defense is not a failure-to-state-a-claim defense because it is independent from the merits of the plaintiff's claim.  See Bryant, 530 F.3d at 1376 n.12 ("[W]here, as in this case, exhaustion is not adjudicated as part of the merits, it is unlike a defense under Rule 12(b)(6) for failure to state a claim.").  For this reason, the exhaustion defense does not fall within the Rule 12(h)(2) exception to Rule 12(g)(2).

Neither does the defense fall within the exception set out in Rule 12(h)(3).  That rule exempts from waiver or forfeiture motions to dismiss for lack of subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).  But the Supreme Court has held that "the PLRA exhaustion requirement is not jurisdictional."  Woodford v. Ngo, 548 U.S. 81, 101, 126 S. Ct. 2378, 2392 (2006); see also Bryant, 530 F.3d at 1374 n.10 ("The Supreme Court has confirmed that exhaustion under the PLRA is not a jurisdictional prerequisite.").  In sum, then, because Deputy Powell failed to raise the exhaustion defense in his first motion to dismiss—and because neither exception to Rule 12(g)(2) applies—he has forfeited the ability to raise the defense now, and the District Court should not have considered it.

---

[4] Rule 12(h)(2) also exempts (1) the defense of failure to join a party required under Rule 19(b), and (2) objections to a party's failure to state a legal defense.  See Fed. R. Civ. P. 12(h)(2).  Those exceptions clearly do not apply.

The District Court reasoned that "a defendant does not waive the exhaustion defense by failing to raise it in the first responsive pleading" because "exhaustion is most similar to subject matter jurisdiction." This is wrong. Again, "the PLRA exhaustion requirement is not jurisdictional." Woodford, 548 U.S. at 101, 126 S. Ct. at 2392 (emphasis added). It is instead a non-jurisdictional "claim-processing rule." See Santiago-Lugo v. Warden, 785 F.3d 467, 472 (11th Cir. 2015) ("Examples of non-jurisdictional rules . . . include 'claim-processing rules,' such as exhaustion requirements, which seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." (quotation omitted)). And as a non-jurisdictional claim-processing rule, the exhaustion defense is subject to forfeiture under Rule 12(g)(2). See Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region, 558 U.S. 67, 81–82, 130 S. Ct. 584, 596 (2009) ("Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived. In contrast, a claim-processing rule, even if unalterable on a party's [timely] application, does not reduce the adjudicatory domain of a tribunal and is ordinarily forfeited if the party asserting the rule waits too long to raise the point." (quotations and citation omitted and alteration adopted) (emphasis added)).

### III.  CONCLUSION

Because Deputy Powell's untimely assertion of the exhaustion defense was procedurally barred under Rule 12(g)(2), the District Court erred in dismissing Mr. Brooks's complaint on that ground.  We reverse and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

WILLIAM PRYOR, Circuit Judge, dissenting:

I respectfully dissent and would affirm the dismissal of Brooks's complaint.