**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2785

_____

UNITED STATES OF AMERICA

v.

GEORGE GRAVES,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1:19-cr-00012-001)
District Judge: Hon. Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 18, 2021

_____

Before: SHWARTZ, MATEY, and TRAXLER, Circuit Judges.*

(Filed:  March 18, 2021)

_____

OPINION**

_____

SHWARTZ, Circuit Judge.

_____

* The Honorable William Byrd Traxler, Jr., United States Circuit Judge for the Court of Appeals for the Fourth Circuit, sitting by designation.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

George Graves pleaded guilty to one count of bank robbery by assault with a dangerous weapon and was sentenced to seventy months' imprisonment. Graves appeals his conviction and sentence. His appellate counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). Because both Graves pro se and his counsel have identified no nonfrivolous issues, we will grant the motion and affirm.

I

Graves entered an M&T Bank in Greencastle, Pennsylvania. He displayed an apparent handgun and demanded money from a teller. The teller placed $1,969 and a tracking device into a bag and gave it to Graves, who then exited the bank. The tracking device led police to Graves. Officers recovered the stolen funds and a pellet gun, and Graves confessed to the robbery.

A grand jury returned a one-count indictment for armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d). Graves pleaded guilty without a written plea agreement, and the District Court accepted his plea.

The Probation Office prepared a Presentence Investigation Report ("PSR"), recommending a United States Sentencing Guidelines range of seventy to eighty-seven months' imprisonment, based on a total offense level of 23 and a criminal history category of IV. Prior to sentencing, Graves moved for a downward departure pursuant to U.S.S.G. § 5K2.12, arguing that he committed the robbery "because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense," due to

physical threats from a drug dealer who claimed that Graves had stolen his drugs.  App. 30 (quoting U.S.S.G. § 5K2.12).

At sentencing, the District Court noted there were no objections to the PSR and adopted it.  The Court then denied the downward departure motion while "fully recogniz[ing]" its discretion to depart.  App. 23.  After discussing the sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced Graves to seventy months' imprisonment and five years' supervised release, and imposed a $100 assessment and a $300 fine.

Graves's counsel filed an appeal on Graves's behalf and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal.

II[1]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in <u>Anders</u> to assure that indigent clients receive adequate and fair representation."  <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001).  This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to <u>Anders</u> when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit."  Third Cir. L.A.R. 109.2(a).  When counsel submits an <u>Anders</u> brief, we must determine:  "(1) whether counsel adequately fulfilled the rule's

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We exercise plenary review to determine whether there are any nonfrivolous issues for appeal.  <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).  Because Graves did not object to any aspect of his conviction or sentence, we review for plain error.  <u>United States v. Flores-Mejia</u>, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, the Anders brief guides our review, and we need not scour the record. See Youla, 241 F.3d at 300-01.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues. First, the brief demonstrates a thorough examination of the record and identifies the District Court's jurisdiction, the validity of Graves's guilty plea, and the reasonableness of his sentence. Second, the brief explains why any challenge to Graves's plea or sentence would be frivolous under the governing law. Counsel's Anders brief is therefore sufficient. Moreover, Graves himself has not identified any such issues.

B

Graves's counsel correctly noted that the District Court had jurisdiction to enter the judgment of conviction and sentence. United States district courts have jurisdiction

4

over offenses against the laws of the United States. 18 U.S.C. § 3231. Graves was charged with bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d), which is a federal offense. Accordingly, there is no issue of arguable merit concerning jurisdiction.

The record further reflects that Graves's guilty plea was valid under the Constitution and Federal Rule of Criminal Procedure 11.[2] During the plea hearing, the District Court confirmed Graves's competence, ensured that he understood the charge against him, and reviewed his constitutional rights. Specifically, the Court explained that Graves could plead not guilty and proceed to trial with the assistance of counsel who could confront and cross-examine witnesses, that he had a right to testify or not testify and to subpoena witnesses, and that the jury would presume him innocent, unless the Government proved his guilt beyond a reasonable doubt. The Court also informed

---

[2] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Accordingly, Rule 11 requires that a district court advise the defendant, among other things, of

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (internal quotation marks, citations, and alterations omitted). The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id. at 203.

Graves of the penalties he faced and explained that, in its sentence, it would refer to, but could depart from, the Guidelines range. Finally, the Court found there was a factual basis for Graves's guilty plea.

Graves's counsel identified one potential issue concerning whether the plea should have been accepted, namely whether Graves could be convicted of armed bank robbery given that he used a pellet gun. Precedent demonstrates that the District Court properly accepted Graves's guilty plea. Section 2113(d) criminalizes bank robbery where the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." In McLaughlin v. United States, 476 U.S. 16 (1986), the Supreme Court explained that an unloaded gun constitutes a dangerous weapon for purposes of § 2113(d) because, although it cannot fire, it "is typically and characteristically dangerous" and its display "instills fear in the average citizen . . . [so] as a consequence, it creates an immediate danger that a violent response will ensue." Id. at 17-18; see also United States v. Beckett, 208 F.3d 140, 152 (3d Cir. 2000) (concluding that a fake bomb is a "dangerous weapon" under § 2113(d)); United States v. Martinez-Jimenez, 864 F.2d 664, 666-67 (9th Cir. 1989) (toy gun); United States v. Laughy, 886 F.2d 28, 30 (2d Cir. 1989) (pellet gun); United States v. York, 830 F.2d 885, 891 (8th Cir. 1987) (inoperable gun). Similarly, in the context of the enhancement for the use of a dangerous weapon during a robbery under U.S.S.G. § 2B3.1, we have explained that "a dismantled pellet gun is a dangerous weapon in its own right." United States v. Orr, 312 F.3d 141, 143 (3d Cir. 2002); see also United States v. Bell, 947 F.3d 49, 62 (3d Cir.

6

2020) (concluding that a toy gun constitutes a dangerous weapon under § 2B3.1).

Accordingly, the District Court properly accepted Graves's plea to violating § 2113(d) because displaying a pellet gun "instills fear in the average citizen," McLaughlin, 476 U.S. at 18, which satisfies the dangerous weapon element of the offense.[3]

Because Graves pleaded guilty knowingly and voluntarily, with an understanding of his rights and the consequences of his plea, and there was a factual basis for his plea, there is no issue of arguable merit concerning the plea's validity.

Graves's sentence is also procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant 18 U.S.C. § 3553(a) factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). The District Court fulfilled these requirements.

First, the District Court's Guidelines calculation was supported by the facts and comported with the Sentencing Guidelines.[4] Second, the Court considered Graves's

---

[3] Moreover, contrary to Graves's pro se argument, the District Court properly accepted a four-point enhancement for "otherwise using" the pellet gun, rather than a three-point enhancement for merely "brandishing" it, because Graves pointed the pellet gun directly at bank employees while demanding money. See United States v. Johnson, 199 F.3d 123, 127 (3d Cir. 1999) ("Pointing a weapon at a specific person or group of people, in a manner that is explicitly threatening, is sufficient to make out 'otherwise use' of that weapon.").

[4] Graves argues pro se that the District Court erred by adding three points to his criminal history score for his 2014 criminal trespass conviction because he was never incarcerated and therefore should have only received one point for that offense. See U.S.S.G. § 4A1.1. Both the Government and Graves's counsel correctly observe that

motion for a downward departure motion under U.S.S.G. § 5K2.12, recognized its authority to depart, and denied the motion. In this regard, Graves's counsel identified one possible issue: whether the District Court erred in denying the motion.

"It is well-established in this Court that we lack jurisdiction to review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the district court properly understood its authority to grant a departure." United States v. Minutoli, 374 F.3d 236, 239-40 (3d Cir. 2004) (collecting cases). Because the District Court recognized its authority to depart when it declined to exercise that authority, we lack jurisdiction to review its decision. As a result, Graves's counsel is correct that there is no issue of arguable merit for us to consider concerning the departure ruling.

Finally, the District Court gave "rational and meaningful" consideration to the § 3553(a) factors, Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)), by addressing the serious nature of the offense as well as

_____

nothing in the record supports this argument. Indeed, the docket concerning this conviction, for which we can take judicial notice, Orabi v. Att'y Gen., 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket."), reflects that he was sentenced to a minimum of eight months and a maximum of twenty-three months, and there is nothing indicating that the sentence was suspended. Additionally, Graves never objected to this information in his presentence report, so the District Court was entitled to accept it as a "finding of fact." Fed. R. Crim. P. 32(i)(3)(A). As a result, we cannot say the District Court erred in assigning three criminal history points for this conviction. See United States v. Holloway, 826 F.3d 1237, 1251 (10th Cir. 2016) ("A factual dispute concerning the applicability of a particular guideline, not brought to the attention of the district court, does not rise to the level of plain error." (quoting United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir. 1991)).

Graves's circumstances, including his extensive criminal history and his "limited educational background" and employment. App. 26. The District Court also noted that Graves "was quick to admit his offense conduct and disclose his prior convictions." App. 26. It found that these factors, taken together, favored a Guidelines-range sentence. Thus, the sentence was procedurally reasonable.

The sentence was also substantively reasonable. Given Graves's offense conduct and his criminal record, which "span[s] thirty-six years" and includes past bank robberies, App. 26, we cannot say that "no reasonable sentencing court would have imposed" the within-Guidelines sentence of seventy months' imprisonment that he received, Tomko, 562 F.3d at 568. Thus, any challenge to the substantive reasonableness of Graves's sentence would lack merit.

### III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Graves's conviction and sentence.[5]

---

[5] After this appeal was filed, Graves moved for compassionate release in the District Court. That motion and his pro se arguments in connection with this appeal on that subject do not impact our Anders analysis, and we express no view on their merit.