NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007[*]
Decided January 10, 2008

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-2044

| | |
|---|---|
| ROBERT LEE HOLLEMAN, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 3:07-CV-41 AS |
| ALAN FINNAN, *Respondent-Appellee.* | Allen Sharp, *Judge.* |

**O R D E R**

Indiana inmate Robert Holleman appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Holleman was involved in an altercation with guards at Westville Correctional Facility. The Conduct Adjustment Board found him guilty of rioting, assaulting prison staff, and physically resisting prison staff. He was sentenced to a total of 19 months' disciplinary segregation with the final 3 months' suspended. In his § 2254 petition Holleman claims that he

---

[*]Appellee Alan Finnan notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

was deprived of due process at his disciplinary hearing because he was not given access to a video tape that he asserts would have exonerated him.  The district court dismissed the petition because the sanction imposed will not extend the duration of Holleman's incarceration.  Our review is *de novo*.  *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007).

A prisoner whose misconduct has been sanctioned only with disciplinary segregation is not "in custody" for purposes of § 2254 and cannot use habeas corpus to challenge the sanction.  *Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir. 2001).  Disciplinary segregation affects the severity, not the duration, of confinement, and Holleman should have challenged a sanction that affects only the severity of incarceration under 42 U.S.C. § 1983, which he did not do.  *Id.* at 643-44. It may be true, as Holleman insists, that the imposition of disciplinary segregation will adversely affect his future eligibility for parole.  Nonetheless, Holleman cannot use § 2254 to challenge the deprivation of an *opportunity* for accelerated release from custody.  *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).  Unlike Indiana's system of awarding good-time credits, which creates an entitlement to accelerated release, *Montgomery*, 262 F.3d at 645, the state's parole statute offers a mere opportunity, not an entitlement, *see Huggins v. Isenbarger*, 798 F.2d 203, 206 (7th Cir. 1986); *Murphy v. Ind. Parole Bd.*, 397 N.E.2d 259, 263 (Ind. 1979).  Acquittals on the disciplinary charges would not inevitably have hastened Holleman's release from incarceration, *see Zimmerman*, 226 F.3d at 571-72, and the possible parole consequences do not bring Holleman's complaint about the video tape within the scope of § 2254.

AFFIRMED.