In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4220

WILLIAM EVANS,

*Petitioner-Appellant*,

*v.*

CIRCUIT COURT OF COOK COUNTY, ILLINOIS,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 3473—**James B. Moran**, *Judge*.

SUBMITTED MAY 27, 2009—DECIDED JUNE 23, 2009

Before EASTERBROOK, *Chief Judge*, and WILLIAMS and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. William Evans is awaiting trial in state court on criminal charges. He believes that constitutional errors in the state prosecution will prevent a valid conviction, and he has filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. The district court denied this petition because the state judiciary can set any problem to rights.

The first question we must address is whether Evans needs a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court". 28 U.S.C. §2253(c)(1)(A). This is a habeas corpus proceeding. Does "the detention complained of [arise] out of process issued by a State court"? Respondent (the state court, represented by the Attorney General of Illinois) asks us to overrule *Behr v. Ramsey*, 230 F.3d 268 (7th Cir. 2000), which it reads as giving a negative answer.

Behr was in custody after the Governor of Illinois issued a warrant in response to Kentucky's request for Behr's extradition. He filed a petition under §2241, and we concluded that "no certificate of appealability is required in proper §2241 cases like this one". 230 F.3d at 270. Illinois reads "like this one" to mean "all proper §2241 cases", but *Behr* neither says nor means that. What makes a case "like*" Behr* is that custody stems from process issued by the executive rather than the judicial branch of a state. Only when a "State court" has authorized the complained-of detention does §2253(c)(1)(A) require a certificate of appealability in a proceeding initiated by a state prisoner. That is why we held in *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), that a certificate of appealability is unnecessary when a state prisoner contends that a prison disciplinary board, an entity within the state's executive branch, has improperly rescinded some of the prisoner's good-time credits. Several circuits have disagreed with *Walker*, observing that revocation of good-time

credits requires the prisoner to serve more of a sentence imposed by a state court, and that "the detention complained of" ultimately depends on the state judiciary's "process". See *Moffat v. Broyles*, 288 F.3d 978 (7th Cir. 2002) (collecting cases). It is unnecessary to revisit that subject; what matters is that *Behr* is securely on the executive-process side of the statute's line between judicial and executive orders for detention, while Evans is on the judicial side. His detention depends on an indictment, on an information plus a judicial decision following a preliminary hearing, or perhaps both; Evans does not contend that his custody rests on the prosecutor's charging decision alone.

Two other circuits that have considered the question have concluded that a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus. See *Stringer v. Williams*, 161 F.3d 259, 261–62 (5th Cir. 1998); *Wilson v. Belleque*, 554 F.3d 816, 821, 824–25 (9th Cir. 2009). We agree with these decisions, which for the reason we have mentioned are consistent with *Behr*. (The one contrary decision, *Gonzalez v. Justices of Municipal Court*, 382 F.3d 1, 11–12 (1st Cir. 2004), was vacated on other grounds by the Supreme Court, 544 U.S. 918 (2005), and thus lacks precedential value. *Gonzalez* appears to reflect a confusion between §2253(a), which deals with federal prisoners and is limited to motions under §2255, and §2253(c)(1)(A), which deals with state prisoners and covers all sources of authority to issue writs of habeas corpus.)

A certificate of appealability may issue only if the prisoner makes a substantial showing that his constitutional rights have been violated. 28 U.S.C. §2253(c)(2). Evans has not made such a showing. He complains, for example, about the quality of his attorney's assistance, but whether counsel has lived up to the sixth amendment's requirements depends on the entire course of performance, much of which lies ahead—and federal relief also depends on prejudice, which cannot be shown yet. See *Strickland v. Washington*, 466 U.S. 668, 690–96 (1984). Evans believes that exculpatory evidence has been suppressed, but the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963), does not require pretrial turnover. It is a disclosure rather than a discovery rule. See *United States v. Ruiz*, 536 U.S. 622 (2002). Until a trial has been held, it is not possible to be sure what will and will not be disclosed or whether any non-disclosure is material. In short, Evans fears that his rights *will be* violated, but he lacks a substantial showing that they *have been* violated irremediably—and he certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision. See *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Ex parte Royall*, 117 U.S. 241, 251–52 (1886).

We decline to issue a certificate of appealability, and we dismiss the appeal.