NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021[*]
Decided June 3, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2984

| | |
|---|---|
| ANTHONY JACKSON, <br> *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 5864 |
| CIRCUIT COURT OF COOK COUNTY, <br> *Respondent-Appellee*. | Charles P. Kocoras, <br> *Judge*. |

**O R D E R**

Anthony Jackson has been confined in Cook County Jail since 2015, when he was convicted of first-degree murder. Jackson was granted a retrial, and he asked to be released on bail—as he had been before his first trial—but the state trial court declined his request. After that decision was upheld on appeal, Jackson petitioned the federal

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court for relief under 28 U.S.C. § 2241, asserting that the denial of bail was arbitrary. The district court denied that petition. Over a year later, Jackson submitted a series of motions that the court construed as a motion for reconsideration and denied. Jackson filed a notice of appeal from the order denying reconsideration. But before we may consider his appeal, he must receive a certificate of appealability. *See* 28 U.S.C. § 2253(c). Jackson has not made a substantial showing that his constitutional rights have been violated, and so we decline to issue one and dismiss this appeal for want of jurisdiction.

In 2013, Jackson was captured on a surveillance video, beating and stomping a man to death on a Chicago Transit Authority (CTA) elevated platform. He turned himself in and was charged with first-degree murder. 720 ILCS 5/9-1(a)(1), (2). The state trial court set his bail at $500,000 and, according to the state's attorneys, he was released upon posting just a fraction of that amount. During his release, he appeared for his court hearings and trial.

Two years later, Jackson was tried by a jury and convicted of first-degree murder. Soon after the trial court terminated his bail, Jackson moved for a new trial based on counsel's ineffectiveness in failing to preview the damaging video. The court granted Jackson's motion but refused to set bail pending retrial. "I saw the video and I read the record of his trial," the judge explained, "and the evidence is still substantial against him."

Jackson soon became involved in a tangle of appellate litigation that held up his retrial. First, the trial court disqualified his chosen counsel, his brother, from further representing him during retrial proceedings—a decision later overturned by the Appellate Court of Illinois. Meanwhile, Jackson, proceeding pro se, filed an emergency challenge in the appellate court to the denial of bail. The appellate court upheld the denial, as did the Supreme Court of Illinois.

In 2018, Jackson petitioned for relief under 28 U.S.C. § 2241 based on a claim of arbitrary denial of bail. The district court denied the petition, concluding that the denial of bail was supported by evidence in the trial record that Jackson was a danger to the community. Jackson did not appeal that ruling.

A few days before Jackson's retrial date in March 2020, amid the outbreak of the COVID-19 pandemic, the court suspended all jury trials. He has not yet been retried.

Jackson then three times—in March and May 2020—asked the district court to overturn its denial of his § 2241 petition. He insisted that he was not a flight risk, that the state court procedurally erred when it denied him bail, and that he would likely contract COVID-19 in jail. The district court, construing Jackson's filings as a motion to reconsider, denied the request. The court explained that the state court's decision to deny bail, even were it erroneous as a matter of state law, was rationally supported by the trial evidence demonstrating that Jackson was dangerous. And the conditions of Jackson's confinement, the court added, did not relate to the bail determination.

On appeal, Jackson focuses on the denial of his § 2241 petition. He argues that the district court afforded too much weight to the violent nature of his charge, ignored evidence that he did not flee before his first trial, and neglected to analyze the state court's procedural errors. With regard to the denial for reconsideration, Jackson asserts only that the district court did not thoroughly explain its rationale.

Jackson has not, however, requested a certificate of appealability. One is required for appellate review because the district court's orders are "final order[s] in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 (7th Cir. 2015) (recognizing certificate required to review denial of habeas petition*);* *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007) (recognizing certificate required to review denial of motion to reconsider). The district court did not consider whether to issue a certificate,[†] and so we treat Jackson's notice of appeal as a request for one. *See Sanchez-Rengifo,* 798 F.3d at 535; *West*, 485 F.3d at 394. A court may grant a certificate of appealability if the applicant makes a substantial showing that a constitutional right has been violated—that is, "reasonable jurists could debate whether (or, for that matter, agree that)" the district court should have resolved the matter differently. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *see* 28 U.S.C. § 2253(c)(2); *Sanchez-Rengifo*, 798 F.3d at 536.

---

[†] The district court did not consider whether to issue a certificate because it believed, based on *Walker v. O'Brien*, that one was unnecessary to appeal from the denial of a § 2241 petition. 216 F.3d 626, 638 (7th Cir. 2000). But *Walker* concerns only federal prisoners and inmates who are detained by the state executive branch or subject to § 2253(c)(1)(B). Its holding does not apply to those detained through "process issued by a State court." *Evans v. Cir. Ct. of Cook Cnty.*, 569 F.3d 665, 666–67 (7th Cir. 2009) (quotation omitted).

Moreover, we would have jurisdiction over only the order denying Jackson's motion for reconsideration. Jackson did not timely appeal the denial of his § 2241 petition, and finality is not tolled because he did not move for reconsideration within 28 days of the judgment. *See* FED. R. APP. P. 4(a)(4)(A)(iv), (vi); *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 799 (7th Cir. 2014). We therefore limit our review to whether a certificate of appealability is warranted for that post-judgment order.

It is beyond debate that Jackson failed to make a substantial showing that the district court violated a constitutional right. He was unable to show that "extraordinary circumstances"—which "rarely occur" in habeas cases—existed to justify reopening the judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). He argued, for instance, that he was not a flight risk, but this argument did not sway the district court when it denied his petition and, thus, did not warrant reconsideration. He also challenged state procedural rulings, but errors of state law are not a basis upon which federal courts may grant habeas relief. *See* 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). As for his argument about the risks from COVID-19 that he fears he faces at the jail, it is beyond debate that the mere existence of the pandemic—without reference to any underlying health conditions that made him susceptible to the virus—did not require the court to reopen the case. *See United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021) (explaining in the context of 18 U.S.C. § 3582 that general societal concerns about COVID-19 did not justify compassionate release).

We have considered Jackson's remaining arguments, and none merits discussion.

We decline to issue a certificate of appealability and therefore **DISMISS** the appeal for want of jurisdiction.