UNITED STATES DISTRICT COURT 
 NORTHERN DISTRICT OF INDIANA 
 SOUTH BEND DIVISION 

AKEEM TURNER, 

 Petitioner, 

 v. CAUSE NO. 3:24-CV-647-GSL-JEM 

WARDEN, 

 Respondent. 

 OPINION AND ORDER 
 Akeem Turner, a prisoner without a lawyer, filed a habeas corpus petition 
challenging the disciplinary proceedings (WCC-24-6-2666) at the Westville Correctional 
Facility in which he was charged with disrupting security in violation of Indiana 
Department of Correction Offense 236. According to the petition, he was not sanctioned 
with a loss of earned credit time or demotion in credit class. Instead, he was removed 
from an educational program due to the pending disciplinary charge and thus lost the 
opportunity to earn case plan credit time. Pursuant to Section 2254 Habeas Corpus Rule 
4, the court must dismiss the petition “[i]f it plainly appears from the petition and any 
attached exhibits that the petitioner is not entitled to relief in the district court.” 
 “[A] habeas corpus petition must attack the fact or duration of one’s sentence; if 
it does not, it does not state a proper basis for relief under § 2254.” Washington v. Smith, 
564 F.3d 1350, 1351 (7th Cir. 2009). Under Indiana law, inmates may earn educational 
credit if they “successfully complete the requirements of an individual case 
management plan approved by the department of correction.” Ind. Code. § 35-50-6-
3.3(b)(3)(E). “A petitioner cannot use § 2254 to challenge the deprivation of an 
opportunity for accelerated release from custody.” Holleman v. Finnan, 259 Fed. Appx. 

878, 879 (7th Cir. 2008) (citing Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 
2003); Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). 
 The facts of this case closely resemble the facts of Zimmerman in which the 
plaintiff complained that he lost the opportunity to earn good time credit when he was 
removed from vocational and substance abuse programs due to a facility transfer. In 
that case, the Seventh Circuit reasoned that there is no due process protection “for 

action that merely might affect the duration of a sentence.” Id. at 571-72. It observed that 
it was not “inevitable” that the petitioner would complete a program that would entitle 
him to good time credit if he had completed it. Id. at 572. The Seventh Circuit concluded 
that, “denying [the petitioner] the opportunity to earn good time credits [did] not 
inevitably affect the duration of the sentence and [did] not deprive him of constitutional 

guarantees.” Id. Because Turner similarly lost only the opportunity to earn credit 
toward his sentence, his right to due process was not violated, and the court cannot 
grant him habeas relief. 
 If Turner wants to appeal this decision, he does not need a certificate of 
appealability because he is challenging a prison disciplinary proceeding. See Evans v. 

Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma 
pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an 
appeal in this case could not be taken in good faith. 
 For these reasons, the court: 
(1) DENIES the habeas corpus petition (ECF 1); 
(2) DIRECTS the clerk to enter judgment and close this case; and 

(3) DENIES Akeem Turner, leave to proceed in forma pauperis on appeal. 
SO ORDERED on August 12, 2024 

 /s/Gretchen S. Lund 
 JUDGE 
 UNITED STATES DISTRICT COURT